## BRAXTON *v.* THE STATE.

FISH, J. 1. The deceitful means and artful practice by which an indictment charges the prosecutor was defrauded and cheated need not be the sole inducement which caused him to part with his property. Proof that they were relied upon and constituted in part such inducement will authorize a conviction. though there may have been other contributing inducements. 2 Clark & Marshall, Law of Crimes, 841, and cases cited.

2. There was no error in admitting testimony, and the evidence authorized the verdict.       *Judgment affirmed. All the Justices concur.*

Argued May 19, — Decided June 25, 1903.

Accusation of cheating and swindling. Before Judge Hodges, City court of Macon. April 22, 1903.

The conviction rested on testimony tending to prove, that Ford, the manager of an aid society, received by telephone a message purporting to be spoken by Wachtel, stating that Braxton wanted to borrow five dollars, and that the speaker would see that Braxton paid it on a named day thereafter. In a few minutes Braxton appeared

at Ford's office and said he had come for the money that Wachtel had telephoned about. Ford thereupon let him have five dollars of the money of the aid society, requiring him to execute a chattel mortgage on behalf of himself and his wife. Ford would not, however, have lent the money to him but for the telephonic message. A levy under foreclosure of the mortgage was met by a claim of homestead exemption; and Wachtel denied that he had given the message by telephone, and refused to pay. Braxton repaid $1.50 or $1.75 of the money; the rest was lost. The points made by the assignments of error (beside the general grounds of the motion for new trial) were, that the evidence did not sufficiently connect the accused with the sending of the telephonic message; and that the testimony relating thereto should have been ruled out, on motion, when it appeared that a mortgage was taken.

*C. N. Sellers,* for plaintiff in error.

*William Brunson, solicitor-general* contra.