[No. 10029.  Department Two.  January 26, 1912.]

THE STATE OF WASHINGTON, *Respondent*, v. E. W. KULBE
*et al., Appellants.*[1]

INDICTMENT AND INFORMATION — INDORSEMENT OF NAMES OF WIT-
NESSES—NECESSITY—STATUTES—CONSTRUCTION.  The accused is not a
"witness" within Rem. & Bal. Code, §§ 2043 and 2099, requiring the
names of witnesses examined before the grand jury to be indorsed
on the indictment, where the accused, learning of the investigation,
was permitted to make a voluntary statement before the grand jury,
but the indictment was not based thereon, and no vote was taken
after the statement was made.

FALSE PRETENSES—ELEMENTS OF OFFENSE—EFFICIENT INDUCEMENT
—INSTRUCTIONS—CONSISTENCY.  In a prosecution for obtaining money
by false pretenses, it is not inconsistent or misleading to instruct
that the false representations must have been the effective cause in-
ducing the loss of the money and that it is sufficient if they were
relied upon and in some measure induced the loss; since the false
representations need not be the sole, if the efficient, inducement.

Appeal from a judgment of the superior court for King
county, Main, J., entered September 23, 1911, upon a trial
and conviction of grand larceny.  Affirmed.

*Earl A. McVicar* and *Charles A. Riddle*, for appellants.

*John F. Murphy, Hugh M. Caldwell*, and *H. B. Butler*,
for respondent.

MORRIS, J.—The grand jury of King county found an in-
dictment against appellants, charging them with the crime
of grand larceny in obtaining money under "false and fraud-
ulent pretenses and representations."  Having been con-
victed, they appeal.

Two assignments of error are urged.  Under the first as-
signment, error is predicated upon the court's refusal to
quash the indictment.  This motion is based upon the ground
that the appellants appeared as witnesses before the grand

[1]Reported in 120 Pac. 510.

jury, and their names were not endorsed upon the indictment. Rem. & Bal. Code, § 2043, provides that:

"When an indictment is found, the names of the witnesses examined before the grand jury must be inserted at the foot of the indictment, or indorsed thereon before it is presented to the court."

Section 2099 contains a provision that a motion to set aside the indictment must be sustained, "when the names of all the witnesses examined before the grand jury are not endorsed thereon." It will be admitted that the language employed in these two sections would seem to make it mandatory that the names of witnesses appearing before the grand jury should be endorsed upon the indictment. The purpose of this requirement is, first, to inform the defendant who his accusers are; and, second, to inform the prosecuting attorney who his witnesses are, to the end that there may be a fair and impartial inquiry into all the facts surrounding the commission of the offense charged. In so holding, in *People v. Freeland*, 6 Cal. 96, the court adds:

"It will not, I apprehend, be contended that the courts should extend the rule further than necessary to secure a fair trial, and the result of such a trial should not be defeated upon a mere legal quibble, where no injustice or injury is shown to have occurred."

The facts upon this point, in so far as they are disclosed to us, are these: The indictment was based upon the testimony of the witnesses whose names were endorsed thereon. The appellants, learning of the investigation by the grand jury, sought an opportunity to appear and make a statement in their own behalf. They were permitted to do so, being advised that what they said might be used against them. The indictment was not based upon any fact disclosed by them in making their voluntary statement, and no vote was taken by the grand jury after they had so testified. It does not appear to us that, under these facts, the appellants were witnesses, within the meaning of the statute. The endorse-

ment of their names would be of no aid to them in preparing themselves for trial, nor in ascertaining the facts upon which the prosecution relied for a conviction. It might, we think, be safely assumed that, in making their statements before the grand jury, they testified to no facts which would aid in finding a true bill against them. Their purpose in giving their testimony was rather to prevent an indictment from being returned, and to convince the grand jury of their innocence rather than their guilt. The endorsement of their names would have given no information to them, nor apprised them of any fact not wholly within their knowledge. Hence the endorsement of their names would serve no purpose within the object of the statute, nor disclose to them any witness who could be compelled by law to testify against them. The identical question here submitted has been passed upon adversely to appellants' contention in a number of cases, upon reasoning analogous to that we have adopted under statutes almost identical with ours. *People v. King,* 28 Cal. 266; *People v. Northey,* 77 Cal. 618, 19 Pac. 865, 20 Pac. 129; *People v. Page,* 116 Cal. 386, 48 Pac. 326. Appellants' first assignment of error is therefore overruled. To give effect to it would be to juggle with technical quibbles of the law, not contributing in any way to the conviction of appellants, nor depriving them of their guaranteed right of a fair and impartial trial.

The second error complained of is in the giving of the following instruction

"It is not sufficient that there be merely a false representation, but the prosecuting witness must have relied upon it. In other words, the false representation must have been the effective cause in inducing the prosecuting witness to part with her money. Therefore, if the prosecuting witness had knowledge of the truth, or did not believe the representations, or believing it, yet parted with the money on some other inducement, or if the prosecuting witness investigated for herself and parted with the money, relying entirely on the results of her own independent investigation, no crime has been

committed, even though the representation was false, if, as a matter of fact, it were false. Neither can the defendant be convicted if the representation were made after the money was obtained. On the other hand, I instruct you that the law does not require that a false representation should have been the sole means, or the principal means of inducing the defrauded person, if any, to part with the money, but it is sufficient if such representation was believed and relied upon by such person and in some measure operated to induce her to part with her property."

The contention is that the instruction is confusing and contradictory in telling the jury in the first instance, that "the false representations must have been the effective cause in inducing the prosecuting witness to part with her money;" and later on, in saying, "it is sufficient if such representation was believed and relied upon by such person and in some measure operated to induce her to part with her property." We find no inconsistency in these statements of the law. It is unquestioned that a false representation, to be actionable, must be the effective cause inducing the complainant to part with his money or property. It does not necessarily follow that it must be the sole cause. If it be an effectual cause, it may operate with other moving causes of inducement, so long as the jury believe that the representation complained of had such an influence over the mind of the person defrauded that he would not have acted except for his reliance upon it. This, in effect, is the language of the instruction in saying that the representation must be relied upon "and in some measure operated to induce her to part with her money." If it operated upon her mind in "some measure," and induced her to act in reliance upon its truth, and because thereof she parted with her money, it was an effective cause of her act, and no error can be predicated upon thus instructing the jury. *State v. Knowlton*, 11 Wash. 512, 39 Pac. 966, and cases there cited; *Wax v. State*, 43 Neb. 18, 61 N. W. 117; *State v. Carter*, 112 Iowa 15, 83 N. W. 715; *State v. Dexter*, 115 Iowa 678, 87 N. W. 417; *State v. Merry*,

(N. D.), 127 N. W. 83; *Braxton v. State*, 117 Ga. 703, 45 S. E. 64.

The instruction is sustained, and the judgment affirmed.

DUNBAR, C. J., FULLERTON, MOUNT, and ELLIS, JJ., concur.