## 30004.   SUGGS *v.* THE STATE.

DECIDED APRIL 30, 1943.

385

388

*Thomas L. Hill,* for plaintiff in error.

*W. Inman Curry, solicitor, F. Frederick Kennedy,* contra.

MacIntyre, J. ■ The defendant can not mingle such non-criminal false representations, which are morally wrong but not criminal, with the criminal false representation which, if standing alone, would be cheating and swindling, and thus avoid criminal responsibility for the latter criminal act. *Braxton* v. *State,* 117 *Ga.* 703 (45 S. E. 64); *Sanders* v. *State,* 59 *Ga. App.* 754, 758 (2 S. E. 2d, 137); *Lunsford* v. *State,* 60 *Ga. App.* 537, 544 (4 S. E. 2d, 112). "Where there is no merger of misdemeanor in felony or felony in treason, the criminal transaction is divisible at whatever place it can be so cut that the part will fill the law's definition of any crime." 1 Bishop's New Crim. Law, 480, § 793 (4).

Although several false representations were made to obtain a named sum of money, the fact that a part of the money was obtained subsequently to some of the false representations or promises, and were not criminal acts because they related to the future, will not prevent a conviction for cheating and swindling where there is one false representation, which related to a past or present fact, that was the inducement, or part of the inducement, to the person

defrauded to part with his money. If, out of all of the several false representations, there was one which related to a past or present fact and induced the defendant to then and there part with his money and contained the other essential elements of the crime charged, it could be carved out of the other false representations into a specific crime of cheating and swindling.

The defendant had represented to the prosecutor that he would settle his son's case by paying a fine of $75. The prosecutor paid the defendant $63 on the morning of the day that the defendant was to go and pay his son's fine; the balance of $12 was to be paid the following Friday. The defendant brought the prosecutor's son back and told the prosecutor that he had paid the fine and his son was free. When the defendant came back for the remaining $12, he falsely represented to the prosecutor that the fine had been paid and that there was no case pending at Aiken against his son. The prosecutor then paid the defendant the $12 on his representation that he had paid the fine when, in fact, the case was still pending and the fine had not been paid. "The deceitful means and artful practice by which an indictment charges the prosecutor was defrauded and cheated need not be the sole inducement which caused him to part with his property. Proof that they were relied upon and constituted in part such inducement will authorize a conviction, though there may have been other contributing inducements." *Braxton* v. *State,* supra. Even if all of the money obtained up to the time this $12 was parted with, was on false promises to be performed in the future, and were not criminal acts in that they were merely false promises, or were false representations that had reference to the future only, and for this reason were not false pretenses, as come within the meaning of Code, § 26-7410, yet, when the defendant represented to the prosecutor that he had settled (not would thereafter settle) his son's case, that the son would not have to appear in court, and then and there obtained $12 in cash to the loss and damage of the prosecutor, this was a false pretense within the purview of the cheating and swindling statute, to wit, Code, § 26-7410.

The judge, sitting without a jury, was authorized, under the circumstances disclosed by the evidence, to find that the paying of the $12 was a part of the general scheme to fraudulently obtain money from the defendant, and that the obtaining of the $12 from

the defendant constituted in itself every element of the offense of cheating and swindling. *Lunsford* v. *State,* supra.

■ There was no demurrer to the accusation, but after the trial had proceeded to a point where counsel for the State had concluded his statement outlining the case to the jury, the defendant moved to dismiss the accusation on the ground, "that it appeared from such statement [not from the accusation itself] no crime was committed, as no past or present fact was alleged as being misrepresented." We do not think the opening statement of counsel for the State to the jury is read into the accusation as a part thereof so as to subject such accusation, or the statement of the State's counsel to the jury as a part of the accusation, to a demurrer or to a motion to dismiss. There is no merit to the ground which complains that the judge erred in overruling the motion to dismiss.

■ The evidence objected to was admissible as being relevant circumstances leading up to and attending the criminal transaction, although not occurring at the very time thereof.

■ The ruling announced in headnote 4 requires no elaboration. The evidence authorized the verdict.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*