### 77621. FOSTER v. THE STATE.
(379 SE2d 634)

POPE, Judge.

Appellant was convicted on three counts of aggravated assault, two counts of aggravated sodomy, kidnapping and burglary. He was sentenced to two life terms, plus sixty years with the sentences to run consecutively.

The charges arose from two separate incidents involving different victims. At about 6:35 a.m. on January 19, 1987, the victim of the first incident, a woman, left her apartment to go to work. As she left she was attacked by a man who put a knife to her throat and forced her back to her apartment. The man spoke in a very calm manner. He told the woman to be quiet and that she would not get hurt; he also asked if anyone was in the apartment. The victim told him that her sister was asleep in her room. The man forced the woman into the

other bedroom and asked her if she had a telephone. The victim had to turn on the light to find the telephone under the bed; she was then able to observe the man's face. He had her undress and performed oral sex on her. He then forced her to perform oral sex on him. During this act, the victim's sister knocked on her door. The man ran out of the room after the sister who fled toward her room. The man grabbed her arm, but she managed to pin his arm in the door. The victim watched as the man freed himself and ran from the apartment.

The second incident took place at the same apartment complex on April 21, 1987. At approximately 6:15 a.m., the victim opened her apartment door to let her cat out. She left her door open as she went back to her sofa to put on her shoes and to get her purse before leaving for work. A man came in and the victim tried to jump up and run, but the man put a shiny, silver object which the victim thought was a knife to her throat and forced her back onto the sofa. The victim screamed and the man told her in a calm voice to be quiet. She kept screaming and he again calmly told her to be quiet. When she continued screaming, the man became frightened and left.

Officer Lillard of the DeKalb County Police lived in the same apartment complex where the attacks occurred. He also worked for the complex as a security officer. When he learned of the description of the attacker provided by the second victim, he thought of appellant. When appellant realized he was the object of police scrutiny, he fled and was apprehended almost six months later in Virginia. Each of the victims positively identified appellant as the man who attacked her.

1. Appellant argues that the trial court erred in admitting evidence of a similar crime committed by appellant in Columbus, Ohio in 1977. The evidence regarding the Ohio crime showed that the victim was awakened in her apartment at approximately 5:45 a.m. by a man who had his hand over her mouth. He wore gloves and spoke very calmly and told her she would not be hurt if she cooperated. He held a weapon she thought was a pair of scissors. He then performed oral sex on her and then raped her. As he left, he told her to lie facing the wall for about five minutes to give him time to get back to his apartment; he also told her to make sure she locked her window next time. Appellant entered a plea to a lesser offense arising from this incident and served four years in prison.

"Evidence of other criminal acts of the defendant may be admitted if it is substantially relevant for some other purpose than to show a probability that the defendant committed the crime on trial because he is a man of criminal character. Purposes for which other crimes evidence may be offered include motive, intent, bent of mind, course of conduct, absence of mistake or accident (both are aspects of intent), plan or scheme, and identity. To render evidence of extrinsic

offenses admissible for any of these purposes, the state must show that the defendant was the perpetrator of the extrinsic offenses, and that there is a sufficient similarity or connection between the extrinsic offense and the offense charged, such that the proof of the former tends to prove the latter." (Citations and punctuation omitted.) *Rich v. State*, 254 Ga. 11, 13 (325 SE2d 761) (1985). We find no error. The State established that appellant committed the Ohio crime. In each case, appellant struck in the early morning hours in the apartment complex in which he lived. In each case, the victim was easily accessible and vulnerable (in Ohio, through an unlocked window; here, first, a woman alone on her stairway; second, through the open door of an apartment). In each case, the victim was threatened with a knife-like weapon. In each case, the victim described the man as speaking very calmly and being very clean-cut. In two of the cases, the telephone was disabled. Sufficient similarities between the crimes existed to justify the admission of the Ohio crime. The fact that over nine years passed between the Ohio crime and the first Georgia crime does not render the evidence inadmissible. *Rich*, supra at 14.

2. Appellant argues it was error for the trial court to fail to declare a mistrial for admitting into evidence the fact that defendant had been charged with yet another crime unrelated to the sexual assault discussed in Division 1. The reference to the other crime arose during the testimony of the Ohio detective who investigated the sexual assault in that state. According to the detective, the victim of the assault was taken to a courtroom to view the defendant during a preliminary hearing. Counsel for appellant objected and asked for a mistrial, arguing that the testimony improperly established that defendant had been charged with an unrelated crime. The denial of a motion for mistrial lies within the discretion of the trial court and will not be overturned by an appellate court absent manifest abuse of that discretion. *Oller v. State*, 187 Ga. App. 818, 822 (371 SE2d 455) (1988). The record shows that, while counsel for appellant realized immediately that the witness was referring to a hearing for a crime other than that ruled admissible because of its similarity, neither the prosecutor nor trial judge realized the testimony referred to a separate criminal proceeding until that fact was brought out during a hearing outside the presence of the jury. Considering the totality of the circumstances, we see no harmful effect upon the jury.

3. We find no error in the trial court's decision to admit the in-court identification of appellant by the second victim. See *Pack v. State*, 182 Ga. App. 618 (356 SE2d 557) (1987).

4. Appellant's enumerations of error alleging insufficient evidence of aggravated assault and burglary arising from the second incident are without merit. The jury had sufficient evidence to infer that the weapon used against the second victim was a deadly weapon. *Ander-*

*son v. State*, 245 Ga. 619, 622 (1) (266 SE2d 221) (1980); *Little v. State*, 3 Ga. App. 441 (60 SE 113) (1907).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED MARCH 10, 1989.

*William C. Puckett, Jr.*, for appellant.

*Robert E. Wilson, District Attorney, Barbara..B. Conroy, Robert E. Statham III, Assistant District Attorneys*, for.;appellee.