## A89A1563. BONNER v. THE STATE.
(386 SE2d 379)

SOGNIER, Judge.

Emma Bonner was convicted of theft by taking and she appeals.

1. Appellant enumerates the general grounds. Construing the evidence to support the verdict, the victim, a 72-year-old retired railroad worker, testified he had known appellant all of her life and that she knew he kept his monthly retirement benefit funds in his bedroom. After cashing his benefit payment for the month of January 1988, the victim placed the money, which was primarily in denominations of 100s, 50s, and 20s, in his bedroom inside one pocket of a money purse. Appellant visited him shortly after the first of the month, telling the victim she came by to repay him $5 she owed him. Appellant then insisted on going into the victim's bedroom, claiming she wanted to listen to his radio. The victim's daughter arrived and the victim was occupied talking to her in the front room for several minutes. Immediately after the daughter left, appellant returned from the bedroom and departed. The victim then went into the bedroom and discovered that all the money had been taken except for two twenty dollar bills which he had placed in another pocket of the money purse. The victim made no complaint to the police at that time and it was only at the urging of an acquaintance that he swore out a warrant against appellant shortly thereafter. The State also presented evidence that about the time of this incident, after a $100 bill was found at the post office frequented by appellant, she claimed the money was her own.

Appellant testified that she did visit the victim that night to repay money, but did not go into his bedroom. Appellant denied knowing where the victim kept his money and denied taking the money. She testified that the $100 bill she claimed at the post office was from her AFDC check, which she had cashed a few days earlier.

" 'The weight of the evidence and credibility of witnesses are questions for the triers of fact, and this court passes on the sufficiency of the evidence, not its weight. (Cit.) We find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).' [Cit.]" *Day v. State*, 188 Ga. App. 648 (1) (374 SE2d 87) (1988).

2. Appellant contends the trial court erred by denying her motion for a new trial because the evidence did not establish that the incident occurred on the date specified in the indictment, thereby preventing appellant from establishing her alibi defense. While this court has held that alleging one date in the indictment and proving another at trial when a defense of alibi as to the date alleged is relied upon violates the requirement in *DePalma v. State*, 225 Ga. 465, 469-470 (3) (169 SE2d 801) (1969) that the accused shall be definitely in-

formed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at trial, see *Caldwell v. State*, 139 Ga. App. 279, 286 (228 SE2d 219) (1976), we find no merit in appellant's enumeration for two reasons. First, although appellant asserted an alibi for the date specified in the indictment, her testimony at trial established that regardless of the date of the incident the alibi did not apply since appellant admitted she was present in the victim's house on the date of the incident. Second, even if the variance in the date alleged surprised or prejudiced appellant, she failed to move the trial court for a postponement or a continuance despite the fact she had ample opportunity to do so, and since the evidence adduced at trial was sufficient to establish that the incident occurred within January 1988, i.e., during the period of the statute of limitation, we find no error in the trial court's denial of appellant's motion. See id. at 290-291.

3. The transcript reveals in regard to appellant's final enumeration that after appellant testified on direct examination that she had not visited the victim's bedroom, the district attorney cross-examined appellant about a statement she had made to the district attorney himself prior to trial. The district attorney called to appellant's mind the time, place, and circumstances surrounding the conversation, in which appellant was asked whether she told the district attorney that she went back into the victim's bedroom to listen to the radio. Appellant testified she remembered the conversation, and answered "[y]eah, I went back there and listened to that radio." Appellant's counsel then interposed an objection based on the district attorney's status as an unsworn witness, which the trial court overruled. When questioning resumed, appellant explained the apparent inconsistency between her earlier statement to the district attorney and her trial testimony by saying that she did not listen to the radio on the date in question. The district attorney did not pursue this line of questioning.

In *Carter v. State*, 244 Ga. 803, 806 (2) (262 SE2d 109) (1979), the Supreme Court set forth the procedure for laying the foundation for impeachment under OCGA § 24-9-83 by prior inconsistent statements as follows: " '(T)he cross-examiner will ask the witness whether he made the alleged statement, giving its substance, and naming the time, the place, and the person to whom made . . . [.] If the witness denies the making of the statement, or fails to admit it, . . . then the requirement of "laying the foundation" is satisfied and the cross-examiner, at his next stage of giving evidence, may prove the making of the alleged statement.' [Cit.]" The transcript reveals that the district attorney laid the proper foundation but rather than denying making the statement, appellant admitted having done so. Thus, contrary to appellant's contention, the transcript established that it was not necessary for the district attorney, as the cross-examiner, to prove the

making of the statement, and accordingly we find that the failure of the district attorney to be sworn as a witness and to be available for cross-examination by appellant did not constitute reversible error.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 5, 1989.

*David E. Morgan III*, for appellant.
*John C. Pridgen, District Attorney*, for appellee.