A91A1415. BACON v. THE STATE.
(411 SE2d 783)

Pope, Judge.

Defendant Donnie Bacon appeals his conviction for the offenses of obstruction of an officer and obscene and abusive language. We reverse.

1. (a) Defendant first contends his character was impermissibly placed in evidence by testimony of one of the State's witnesses and references by the prosecutor to defendant's alleged use of drugs. As to this issue the record reflects that a witness for the State was allowed to testify over repeated objections and motions for mistrial that defendant had borrowed $10 from her the day before the incident to purchase some "medication" or a drug from a person in Swainsboro, Georgia, and that defendant later told her he purchased this drug. Although the trial court initially instructed the jury to disregard all testimony concerning the medication except the fact that defendant borrowed the money and told the witness he purchased the drug, the record shows the witness was subsequently allowed to testify that defendant also told her he took the drug. The State referred to this testimony during both opening and closing arguments and argued to the jury that defendant was under the influence of drugs and alcohol at the time the offenses were committed.

Pursuant to OCGA § 24-9-20 (b): "no evidence of general bad character or prior convictions shall be admissible unless and until the defendant shall have first put his character in issue." The State argues the evidence complained of here only "incidentally" placed the defendant's character in evidence and was relevant and admissible to show the circumstances surrounding defendant's arrest as this court held in *Bryan v. State,* 157 Ga. App. 635 (4) (278 SE2d 177) (1981). We disagree. There was absolutely no evidence presented at trial to support the State's assertion that defendant was under the influence of drugs at the time of his arrest. To the contrary, the jury was initially instructed to disregard all testimony of the witness except the testimony defendant had borrowed $10 and purchased the drug. The witness testified that both of these events occurred the day before defendant was arrested. Although the witness subsequently testified that defendant also told her he took the drug, the witness was not asked nor did she specify when the alleged consumption of the drug allegedly took place. Likewise, no competent evidence was presented at trial concerning the type of drug defendant was alleged to have

taken or that such drug would have affected defendant in such a way as to make him engage in the type of combative behavior the arresting officers testified defendant displayed at the time of his arrest, and which formed the basis of the charges against him. The evidence complained of here was not admissible for any proper purpose and "it is our view that its only purpose was to attempt to show bad character. In the absence of interjection of the issue of character by the defendant, the evidence was inadmissible. [Cits.] Neither was it harmless nor nonprejudicial, as argued by the state. In our judgment, its admission requires reversal." *Duke v. State*, 256 Ga. 671, 672-673 (352 SE2d 561) (1987).

(b) Defendant also contends his character was impermissibly placed in evidence by testimony that he "might have been on probation" at the time of his arrest. Pretermitting the issue of whether this testimony in fact placed defendant's character in evidence, see *Cochran v. State*, 177 Ga. App. 471 (3) (339 SE2d 749) (1986) and citations therein, we find the complained of testimony does not require reversal. The record shows the trial court acted quickly to rule the testimony inadmissible and to order that it be stricken. Under the circumstances of this case, we find no error in the trial court's denial of defendant's motion for mistrial. See, e.g., *Stanley v. State*, 250 Ga. 3 (2) (295 SE2d 315) (1982).

2. Defendant also contends the trial court erred by refusing to charge on the law of DUI and intoxicated pedestrians because the evidence presented at trial shows that the confrontation with the arresting officers occurred after defendant refused to leave the premises of his mother's place of employment because he was afraid he would be arrested for either DUI or being an intoxicated pedestrian. We find no error. Contrary to defendant's argument, the record shows defendant offered to leave if his mother would return his car keys. Moreover, accepting for the sake of argument defendant's contention that he refused to leave the premises because he feared he would be committing a crime, such fear fails to explain why defendant allegedly engaged in a physical struggle with the officers. In sum, we find no merit to this enumeration.

*Judgment reversed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 24, 1991.

*Alan P. Layne*, for appellant.
*David B. Pittman, Solicitor*, for appellee.