A92A0781. CARTER v. THE STATE.
(424 SE2d 81)

ANDREWS, Judge.

Carter was tried and convicted of theft by taking and theft by deception and appeals.

Evidence adduced at trial was that Carter rented a house from a couple, the Manzones, who owned a horse-drawn wagon. Carter expressed interest in the wagon, and, in 1989, the Manzones agreed that Carter could take it to his property and restore it for them. The Manzones testified that they did not give the wagon to Carter. Nevertheless, Carter claimed that he understood that the couple was giving him the wagon. In March 1990, Carter sold the wagon to Stan Parker for $800.

At trial after a hearing regarding the evidence, the State introduced the testimony of Tommy Brown and Trenton Parker regarding other crimes. Brown testified that Carter was an acquaintance of his in 1984. At that time, Brown owned a broken plow, which Carter volunteered to fix. Brown agreed to let Carter repair the plow; Carter took it and never returned it to Brown. Brown also testified that Carter took money from him for an investment plan involving cattle. Carter did not return, Brown filed a complaint, and in August 1984, Carter was charged with theft by taking and theft by conversion and he pled guilty.

The State also produced the testimony of Trenton Parker who had hired Carter as a caretaker in 1984. Parker testified that he had entrusted his property to Carter and travelled during that year. Parker returned to his property and found that Carter had stolen cattle, 40 trees and certain farm equipment and he filed a complaint against Carter. Carter was charged with theft by taking, theft by conversion, theft by deception, and livestock theft and pled guilty to

those charges on February 12, 1987.

In his sole enumeration of error, Carter claims that the trial court erred in allowing the State to introduce evidence of similar transactions. Carter filed a motion in limine regarding the transactions and the trial court reserved ruling on the motion until trial. At the point during the trial at which the State attempted to introduce the evidence, the trial court held another hearing on the prior offenses and ruled that the evidence was admissible. Carter argues that this decision was erroneous since the prior offenses were too distant in time to show motive or intent in the instant case, that the prior offense involving Trenton Parker was not similar to the instant charges and that there was no finding by the trial court of an appropriate purpose for the evidence.

"[B]efore any evidence of independent offenses or acts may be admitted into evidence, a hearing must be held pursuant to Uniform Superior Court Rule 31.3 (B). At that hearing, the state must make three affirmative showings as to each independent offense or act it seeks to introduce. The first of these affirmative showings is that the state seeks to introduce evidence of the independent offense or act, not to raise an improper inference as to the accused's character, but for some appropriate purpose which has been deemed to be an exception to the general rule of inadmissibility. The second affirmative showing is that there is sufficient evidence to establish that the accused committed the independent offense or act. The third is that there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter. After the 31.3 (B) hearing, and before any evidence concerning a particular independent offense or act may be introduced, the trial court must make a determination that each of these three showings has been satisfactorily made by the state as to that particular independent offense or act." (Citations and punctuation omitted.) *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

These criteria were met here. There was no dispute that Carter committed the prior offenses and his identity was not an issue in the instant case. Secondly, the trial court's finding that the independent crimes were sufficiently similar to allow the evidence was proper. Carter's argument that the crime involving Trenton Parker was dissimilar to the instant charges is without merit. The prior offenses all involved victims who were acquainted with Carter, had personal property in plain view on their land, which they in some fashion entrusted to Carter, and which Carter took. "There is no requirement that the other transaction must be identical in every aspect. The test of admissibility of evidence of other criminal acts by the defendant is not the number of similarities between the two incidents. Rather, such

evidence may be admitted if it is substantially relevant for some purpose other than to show a probability that the defendant committed the crime on trial because he is a man of criminal character." (Citations and punctuation omitted.) *Smith v. State*, 203 Ga. App. 3, 4 (416 SE2d 129) (1992).

Carter contends that the trial court did not determine that the prior offenses were offered for an appropriate purpose. This argument is without merit since the court found that the relevance of the evidence outweighed any prejudicial impact. This determination was proper in that the state made the proper showing that the other crimes had substantial relevance for showing state of mind, intent, motive and plan, and were properly allowed for these appropriate purposes. See *Aaron v. State*, 195 Ga. App. 339 (393 SE2d 698) (1990). Furthermore, the State properly presented the evidence to the jury and the jury was instructed that the evidence of the other crimes was introduced for the limited purpose of establishing the mental state, identity, or intent of the defendant as it related to the charge of theft by taking and theft by deception.

Carter's argument that the almost six-year interval between the crimes was sufficient to exclude the evidence of the earlier crimes is without merit. "Mere lapse of time between the earlier [crimes] and the offense for which appellant was on trial does not render the evidence automatically inadmissible. Instead, lapse of time is a factor to consider when balancing the probative value of the evidence against its potentially prejudicial effect." *Aaron*, supra at 340. Here, the trial court's decision that the probative value of the evidence outweighed its prejudicial effect despite the six-year interval was not erroneous. See *Foster v. State*, 190 Ga. App. 686, 687 (1) (379 SE2d 634) (1989); *Campbell v. State*, 234 Ga. 130 (214 SE2d 656) (1975); compare *Wimberly v. State*, 180 Ga. App. 148 (348 SE2d 692) (1986).

*Judgment affirmed. Birdsong, P. J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED OCTOBER 22, 1992.

*J. Michael Mullis*, for appellant.
*Harry N. Gordon, District Attorney*, for appellee.