## A92A2369. SESSIONS v. THE STATE.
(428 SE2d 652)

POPE, Chief Judge.

Defendant Alexander Sessions was convicted of two counts of entering an automobile or motor vehicle. See OCGA § 16-8-18. He appeals following the denial of his motion for new trial.

1. Defendant contends the trial court erred in admitting evidence of his prior convictions for entering an automobile, arguing that the circumstances surrounding two of the four previous crimes were factually dissimilar to the offenses for which defendant was being tried. However, contrary to defendant's assertions on appeal, we do not think the fact that defendant entered different types of vehicles on different occasions or that the defendant used different methods to obtain entry into the vehicles renders the complained of evidence inadmissible. " 'There is no requirement that the other transaction must be identical in every aspect. The test of admissibility of evidence of other criminal acts by the defendant is not the number of similarities between the two incidents. Rather, such evidence may be admitted if it is substantially relevant for some purpose other than to show a probability that the defendant committed the crime on trial because he is a man of criminal character.' (Citations and punctuation omitted.) *Smith v. State*, 203 Ga. App. 3, 4 (416 SE2d 129) (1992)." *Carter v. State*, 205 Ga. App. 885, 886-887 (424 SE2d 81) (1992). Our review of the record shows the trial court did not err in admitting evidence of similar crimes. See *Woolfolk v. State*, 202 Ga. App. 59, 61 (413 SE2d 242) (1991).

2. Defendant also enumerates as error the denial of his motions for mistrial, contending that the trial court improperly admitted irrelevant and unduly prejudicial testimony. The record shows that the trial court allowed several of the State's witnesses who testified concerning the previous similar transactions also to testify about other crimes defendant committed during the commission of the similar crimes, ruling that such evidence was admissible as part of the res gestae of the previous similar crimes. Specifically, the trial court ad-

mitted testimony from a police officer who arrested defendant for one of the prior instances of entering an automobile attesting that cocaine was found in defendant's truck on this previous occasion and that defendant stated to the officer that he was urinating behind the truck when the officer approached him. Another witness was allowed to testify that during a struggle at another crime scene defendant reached for a gun concealed in a paper bag. We agree with defendant that this testimony revealed additional criminal acts which were unrelated and irrelevant to the crimes for which defendant was being tried, and that only that portion of the witnesses' testimony pertaining to the previous *similar* crimes was admissible at trial.[1] *Bacon v. State*, 201 Ga. App. 639 (1) (411 SE2d 783) (1991); *Jarrad v. State*, 195 Ga. App. 704, 706 (3) (394 SE2d 555) (1990). Because we can discern no other proper purpose for admission of the complained of evidence, " 'it is our view that its only purpose was to attempt to show bad character. In the absence of interjection of the issue of character by the defendant, the evidence was inadmissible. (Cits.)' " *Bacon*, 201 Ga. App. at 640 (1) (a).

We therefore take this opportunity to instruct the bench and bar that just as documentary evidence must be redacted to eliminate inadmissible evidence (which the trial court did in this case), so should the State's witnesses be instructed to limit their testimony to the crimes which have properly been determined to be admissible as constituting evidence of similar crimes. Uniform Superior Court Rule 31.3 (C) provides that "[i]n every case, the prosecuting attorney and defense attorney shall instruct their witnesses not to refer to similar crimes, transactions or occurrences, or otherwise place the defendant's character in issue, unless specifically authorized by the judge." Likewise, it is incumbent upon the trial court to strike inadmissible and prejudicial testimony and instruct the jury to disregard inadmissible evidence. *Bacon*, 201 Ga. App. at 640 (1) (b).

Because the trial court in this case erroneously admitted legally irrelevant and prejudicial evidence, defendant's conviction must be reversed and a new trial granted. See *Ledford v. State*, 202 Ga. App. 694 (1) (415 SE2d 693) (1992); *Bacon*, 201 Ga. App. at 640 (1) (a); *Jarrad*, 195 Ga. App. at 706 (3).

*Judgment reversed. Carley, P. J., and Johnson, J., concur.*

DECIDED MARCH 4, 1993.

---

[1] We decline to hold, however, that unobjected to testimony concerning a statement defendant made to a police officer demonstrating defendant's familiarity with the criminal justice system also constituted reversible error in this case.

*Beauchamp & Associates, Robert M. Beauchamp, Dorough & Sizemore, Kermit S. Dorough, Jr.*, for appellant.

*Britt R. Priddy, District Attorney, Francis D. Hand, Jr.*, Assistant District Attorney, for appellee.