## A94A0809. KING v. THE STATE.
(447 SE2d 645)

McMurray, Presiding Judge.

Defendant was charged, via indictment, with robbery by sudden snatching. The evidence adduced at the jury trial reveals the following: At about 9:00 in the evening on April 11, 1993, defendant entered a convenience store in Dougherty County, Georgia, and asked the store clerk ("the victim") whether credit cards were accepted. The victim replied, "yes," and defendant requested six cartons of cigarettes. The victim then placed six cartons of cigarettes (valued at $86) on the counter and "asked [defendant] if that was all. [Defendant] said yes, and [the victim turned his attention to the] gas console to the right of [his] register, . . . took [his] hand off of the [cigarettes] and reached over to check his gas[. At] that time [defendant] said something and went to walk out the door." The victim "didn't hear what [defendant] said[, but he saw that defendant] grabbed the cigarettes up [so he] turned around and asked [defendant] for the credit card[. Defendant] said something, [but again the victim] didn't hear what [defendant] said[. Defendant then] took off out the door[, r]unning." Shortly thereafter, Officer Walter Swearingen of the Albany Police Department apprehended defendant after stopping him in a blue pickup truck. Six cartons of cigarettes were found in the rear of the truck defendant was operating. The cigarettes matched the description of the cigarettes taken from the convenience store and were identified as store property.

The jury found defendant guilty of robbery by sudden snatching as charged. This appeal followed the denial of defendant's motion for new trial. *Held*:

1. In his fifth enumeration, defendant contends the trial court erred in denying his motion for directed verdict of acquittal, arguing that the uncontradicted evidence established that the victim was not aware the cigarettes had been stolen at the time of the actual taking.

" 'Robbery by sudden snatching is where no other force is used than is necessary to obtain possession of the property from the owner, who is off his guard, and where there is no resistance by the owner or injury to his person. *Rivers v. State*, 46 Ga. App. 778 (2) (169 SE 260).' *Edwards v. State*, 224 Ga. 684, 686 (2) (164 SE2d 120)." *Byrd v. State*, 171 Ga. App. 344 (1) (319 SE2d 460). "[T]he only difference now between robbery [by sudden snatching] and larceny from the person is that in the latter case the property is abstracted without the knowledge of its possessor; but if the possessor becomes conscious, even in the taking, that his property is being taken away from him, and this knowledge is obtained before the taking is complete, the offense of robbery is committed." *Williams v. State*, 9 Ga. App. 170 (1) (70 SE 890). In the case sub judice, the victim's testimony indicates

that he was aware defendant was stealing the cigarettes. This evidence is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of robbery by sudden snatching as charged in the indictment. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Byrd v. State*, 171 Ga. App. 344 (1), 345, supra. Compare *McNearney v. State*, 210 Ga. App. 582, 584 (436 SE2d 585). Consequently, the trial court did not err in denying defendant's motion for directed verdict. *Humphrey v. State*, 252 Ga. 525, 526 (1), 527 (314 SE2d 436).

2. In his seventh enumeration, defendant maintains the trial court erred in refusing to give his request to charge on the lesser included offense of theft by taking.

Defendant submitted the following written request to charge: "A person commits the offense of theft by taking when that person unlawfully takes any property of another with the intention of depriving the other person of the property, regardless of the manner in which the property is taken or appropriated." Although this request is an accurate statement of the law, OCGA § 16-8-2, the State argues that "[t]his Court and the Supreme Court have made it abundantly clear that where the evidence demonstrates that the greater offense has been completed, it is not necessary to charge on the lesser included offenses."

"In *State v. Alvarado*, 260 Ga. 563, 564 (397 SE2d 550), the Georgia Supreme Court expressly disapproved of that line of authority which had held that a lesser-included offense need not be charged unless the evidence showed that the defendant was guilty *only* of the lesser crime, and held that '(t)he correct rule is that a written request to charge a lesser included offense must *always* be given if there is *any* evidence that the defendant is guilty of the lesser offense.' (Emphasis supplied.)" *Galbreath v. State*, 213 Ga. App. 80, 81 (1) (443 SE2d 664). In the case sub judice, an eyewitness, Enoch Wingate, testified as follows: "A. [Defendant] asked for some cigarettes . . . and he then said — he looked up and turned around and he said the lady outside is going to pay for it, and he walked outside, and as soon as he got to the door, he took off toward the right." This evidence would have authorized a finding that defendant committed the offense of theft by taking. See, e.g., *Bonner v. State*, 192 Ga. App. 721 (1) (386 SE2d 379). Further, when coupled with the victim's testimony that the cigarettes were worth about $86, this theft would have been punishable as a misdemeanor pursuant to OCGA § 16-8-12 (a) (1). Under these circumstances, the controlling issue is whether theft by taking is a lesser included offense within the crime of robbery by sudden snatching.

"An accused may be convicted of a crime included in a crime charged in the indictment or accusation. A crime is so included when

. . . [i]t is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged; or . . . [i]t differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission." OCGA § 16-1-6.

OCGA § 16-8-40 (a) (3) provides that "[a] person commits the offense of robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another . . . [b]y sudden snatching." The offense which is now prescribed as robbery by sudden snatching "was formerly larceny from the person and not robbery. *Spencer v. State*, 106 Ga. 692 (32 SE 849). In 1903 the General Assembly amended the definition of robbery to include robbery by sudden snatching, so that under the present law[, Ga. L. 1903, p. 43, Code Ann. § 26-2501, now OCGA § 16-8-40 (a),] the offense of robbery may be committed by three methods, that is, (1) by force, (2) by intimidation, and (3) by sudden snatching. See *Hickey v. State*, 125 Ga. 147 (53 SE 1026); *Pride v. State*, 124 Ga. 792 (53 SE 192)." *Nelson v. State*, 203 Ga. 330, 336 (4), 337 (46 SE2d 488). "Robbery always involves theft or attempt at theft, and theft always involves the taking, obtention, or appropriation of the property of another. It follows therefore that theft by taking, or the intent to commit this act, will generally be involved where the property is removed from the person of another. Under these circumstances [theft by taking necessarily is a lesser included offense to robbery by sudden snatching]." *Hinton v. State*, 127 Ga. App. 108 (192 SE2d 717). See *Hensley v. State*, 228 Ga. 501, 502 (2), 503 (186 SE2d 729). Consequently, since "there is evidence to support [defendant's written request to charge on theft by taking and s]ince 'a written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense,' *State v. Alvarado*, 260 Ga. 563, 564, [supra], the trial court's failure to give the charge requested by the defendant constitutes reversible error." *Reinhardt v. State*, 263 Ga. 113 (2), 114 (428 SE2d 333).

3. Defendant contends, in his ninth enumeration, the trial court erred in refusing to give a written request to charge on theft by deception as a lesser included offense. The request submitted was a verbatim quote from OCGA § 16-8-3 (a), (b) (1), (2), which Code section provides in pertinent part: "A person commits the offense of theft by deception when he obtains property by any deceitful means or artful practice with the intention of depriving the owner of the property." OCGA § 16-8-3 (a). "A person deceives if he intentionally . . . [c]reates or confirms another's impression of an existing fact or past event which is false and which the accused knows or believes to be false . . . [or f]ails to correct a false impression of an existing fact or

past event which he has previously created or confirmed." OCGA § 16-8-3 (b) (1), (2).

"The complete rule with regard to giving a defendant's requested charge on a lesser included offense is: where the state's evidence establishes all of the elements of an offense *and there is no evidence raising the lesser offense*, there is no error in failing to give a charge on the lesser offense. See *Shepherd v. State*, 234 Ga. 75 (214 SE2d 535) (1975) ('state's evidence clearly warranted a charge on armed robbery . . . and there was no evidence of the lesser offense of theft by taking . . .'). Where a case contains some evidence, no matter how slight, that shows that the defendant committed a lesser offense, then the court should charge the jury on that offense." *Edwards v. State*, 264 Ga. 131, 133 (442 SE2d 444).

In order to commit the crime of theft by deception, the defendant's deceptive act or false representation must have induced the victim to part with his property. OCGA § 16-8-3. See *Ray v. State*, 165 Ga. App. 89, 92 (2) (299 SE2d 584); *Chandler v. State*, 80 Ga. App. 550, 555 (56 SE2d 794); *Suggs v. State*, 69 Ga. App. 383, 388 (1) (25 SE2d 532). In the case sub judice, the evidence reveals that defendant took the cigarettes while the victim was distracted. It does not show that the victim was fraudulently induced to part with six cartons of cigarettes in reliance on defendant's false statement that a woman would pay for the cigarettes. This evidence did not authorize a charge on theft by deception. Consequently, the trial court did not err in failing to so charge the jury. See *Edwards v. State*, 264 Ga. 131, 133, supra.

4. Defendant asserts in his eighth enumeration that the trial court erred in failing to give his written request to charge on shoplifting as a lesser included offense to robbery by sudden snatching. He submitted the following request: "A person commits the crime of theft by shoplifting when that person, with the intent of appropriating merchandise to the person's own use without paying for it, or takes possession of the goods or merchandise of any store or retail establishment."

" 'A request to charge should in itself be correct, and even perfect; otherwise the refusal to give it will not be cause for a new trial.' *Lewis v. State*, 196 Ga. 755, 760 (3) (27 SE2d 659) (1943)." *Kessel v. State*, 236 Ga. 373, 374 (2) (223 SE2d 811). In the case sub judice, defendant's request to charge on shoplifting is not a complete and accurate statement of the law. See OCGA § 16-8-14 (a). Although by all appearances, the omissions in this request to charge are due to typographical error, nevertheless, it was not error for the trial court to refuse to give a requested instruction which was incomplete. *Daniels v. State*, 184 Ga. App. 689 (1), 690 (362 SE2d 775). Nevertheless, the circumstances in the case sub judice reasonably raised the inference

that defendant committed theft by shoplifting and authorized a proper request to charge on that offense. See *State v. Alvarado*, 260 Ga. 563, 564, supra.

5. In his first enumeration, defendant contends the trial court erred in allowing the State to introduce evidence of his previous conviction for robbery by sudden snatching, arguing that the earlier offense was not sufficiently similar.

"Before any evidence of an independent offense may be introduced, the State must show 'that there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter. (Cit.)' *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991)." *Campbell v. State*, 263 Ga. 824 (2), 825 (440 SE2d 5). "The *only* separate crimes which are admissible are those that are either similar *or* logically connected to the crime for which defendant is being tried. Crimes which are not similar or which are not logically connected to the crime for which defendant is being tried should be excluded from evidence. Proof of crimes which *are* similar or *are* closely connected to the crime charged *does* tend to establish the crime charged." *State v. Johnson*, 246 Ga. 654 (1), 655 (272 SE2d 321). "The true test of admissibility is not the number of similarities between the prior act and the act for which the accused is on trial, but whether the evidence of prior incidents is substantially relevant for some purpose other than to show that the accused was likely to commit the crime because he is a person of bad character. *Bohannon v. State*, 208 Ga. App. 576 (2b) (431 SE2d 149) (1993)." *Evans v. State*, 209 Ga. App. 606, 607 (2) (434 SE2d 148). In the case sub judice, the State proffered defendant's prior guilty plea to robbery by sudden snatching, plus the testimony of the off-duty officer who witnessed defendant grab the victim's purse one night as the victim left a fast-food restaurant. Defendant argues that the similarities are sparse between the prior nighttime robbery by sudden snatching of a purse and this nighttime robbery by sudden snatching of merchandise from a convenience store.

"While Uniform Superior Court Rule 31.3 speaks of 'similar' transactions, the issue of admissibility of extrinsic transactions has never been one of 'mere similarity.' *Williams v. State*, 251 Ga. 749, 784 (312 SE2d 40) (1983). It is, rather, 'relevance to the issues in the trial of the case.' Id." *Brockman v. State*, 263 Ga. 637, 639 (3), 640 (436 SE2d 316). A logical connection between separate crimes is established where "proof of the independent crime tends to establish . . . identity, bent of mind, or intent [in] the commission of the crime for which [the defendant] is on trial. [Cits.]" *Stephens v. State*, 261 Ga. 467, 468 (6), 469 (405 SE2d 483). In the case sub judice, the fact that defendant was the perpetrator of the earlier offense is estab-

lished by his guilty plea. *Weldon v. State*, 202 Ga. App. 51 (2), 52 (413 SE2d 229). "The prior guilty plea to the charge of [robbery by sudden snatching] was substantially relevant to corroborate the identification of [defendant] as the [robber] here." *Evans v. State*, 209 Ga. App. 606, 607 (2), supra.

Nevertheless, defendant urges that this enumeration is controlled by *Higginbotham v. State*, 207 Ga. App. 424 (428 SE2d 592), where this court held that evidence of a prior conviction for sudden snatching, which was not closely related in time, locality, or modus operandi, was inadmissible to prove identity or criminal intent. Id. at 426 (4), 427, supra. However, contrary to the analysis employed in *Higginbotham*, the Georgia Supreme Court has determined that "[p]roof of crimes which *are* similar or *are* closely connected to the crime charged *does* tend to establish the crime charged." *State v. Johnson*, 246 Ga. 654 (1), 655, supra. In so holding, the Supreme Court would not concede "that the exceptions have swallowed the rule of inadmissibility of separate crimes." *State v. Johnson*, 246 Ga. 654 (1), 655, supra. In the case sub judice, defendant's prior guilty plea to robbery by sudden snatching was substantially relevant for the appropriate limited purpose of corroborating the testimony of his identity as the robber. The admission into evidence of that guilty plea was not clearly erroneous. See *Stephens v. State*, 261 Ga. 467, 468 (6), 469, fn. 2, supra. Compare *Weems v. State*, 204 Ga. App. 352, 354-355 (419 SE2d 346).

6. In his second enumeration, defendant contends the trial court erred in "allowing the 'similar transaction witness' to testify concerning statements made by the [defendant] following his previous arrest." Specifically, defendant complains of the following testimony from Detective Charlie Poole of the Albany Police Department: "I believe he said that somebody else was with him, but I didn't see anybody." On appeal, defendant argues that the statement, should have been excluded, relying on the authority of *Sessions v. State*, 207 Ga. App. 609 (428 SE2d 652).

"A witness may testify as to what he saw and heard in the defendant's presence. See *Broome v. State*, 141 Ga. App. 538 (2) (233 SE2d 883) (1977)." *Moore v. State*, 240 Ga. 210, 212 (2) (240 SE2d 68). *Sessions v. State*, 207 Ga. App. 609 (2), 610, supra, does not control. In *Sessions*, this court declined to rule on whether testimony concerning a statement defendant made to a police officer which demonstrated defendant's familiarity with the criminal justice system constituted reversible error. *Sessions v. State*, 207 Ga. App. 609 (2), 610, fn. 1, supra. The trial court did not err in permitting Detective Poole to testify as to the in-custody statement defendant made in Poole's presence. *Moore v. State*, 240 Ga. 210, 212 (2), supra.

7. Defendant contends in his third enumeration that the trial

court erred in admitting a certified copy of his previous conviction for robbery by sudden snatching, arguing that "it is the similarity in the manner of commission and circumstances presented, rather than the fact of conviction, that is significant in considering the admissibility of 'other crimes' evidence."

" 'In order to justify the admission of evidence relating to an independent crime committed by the accused, *it is absolutely essential that there should be evidence establishing the fact that the independent crime was committed by the accused . . .' Cawthon v. State*, 119 Ga. 395, 409 (46 SE 897) (1904)." *French v. State*, 237 Ga. 620 (3), 621 (229 SE2d 410). "It is elementary that such documents [as the certified copy of defendant's conviction] are admissible if they pertain to crimes concerning which testimony has been admitted and a foundation laid thereby. This enumeration . . . is without merit." *Pope v. State*, 178 Ga. App. 148, 149 (3) (342 SE2d 330).

8. In his fourth enumeration, defendant contends the trial court erred in refusing his request for a limiting instruction following the introduction of the similar transaction testimony. He argues that the trial court "disregard[ed] defense counsel's timely request for limiting instructions, and refus[ed] to explain that the evidence of an independent offense was admitted for a specific purpose."

Detective Charles Poole of the Albany Police Department testified as to the circumstances underlying defendant's prior guilty plea to robbery by sudden snatching. After direct examination of Detective Poole, the State's Attorney tendered a certified copy of defendant's conviction. The following then transpired: "[DEFENSE COUNSEL]: Your Honor, I have an objection to [defendant's prior] plea of guilty being entered. I would ask the Court to give a limited instruction — [THE COURT]: I will. [DEFENSE COUNSEL]: — regarding its purpose. [THE COURT]: I will. [STATE'S ATTORNEY]: This will be State's One. [DEFENSE COUNSEL]: Your Honor, I think it might be appropriate for the jury to go ahead and be informed that this is really not any proof of guilt in this matter but only as evidence regarding identity. [THE COURT]: Right. I'll give it to them later. This has — doesn't have any bearing on this case, whether he's guilty or not guilty in this particular case. It's a similar transaction and which I will give you later in the charge about similar transactions. [STATE'S ATTORNEY]: This witness is now with the Court, Your Honor."

Defense counsel then began cross-examining Detective Poole without making further demand for a contemporaneous instruction. In its general charge to the jury, the trial court limited the purpose for which the jury could consider the similar transaction evidence in the exact language of defendant's written request. "Accordingly, for all intents and purposes [in the case sub judice], the trial court complied with the only request that was ever made by [defendant to give

any specific charge]. In response to [defendant's written] request, the trial court gave limiting instructions [in its general charge]. Under these circumstances, there was no error in the trial court's failure to have given additional contemporaneous limiting instructions [for defendant did not pursue that request after the trial court indicated it would give a limiting instruction in its general charge]. 'He who acquiesces at trial is not permitted on appeal to predicate error thereupon. (Cit.)' *Causey v. State*, 192 Ga. App. 294, 296 (1) (384 SE2d 674) (1989)." *Hyde v. State*, 205 Ga. App. 754, 757 (3), 758 (424 SE2d 39).

9. In his sixth enumeration, defendant contends "[t]he trial court erred in refusing to include the defendant's fourth request to charge, 'immunity or leniency granted to witness.' " This contention is without merit.

"The trial court gave a general charge on the credibility of witnesses, including an instruction that the jury could consider the interest or want of interest of a witness in determining his credibility. 'The failure of the trial court to charge in the exact language requested is not reversible error where the charge given substantially covered the same legal principles. (Cits.) . . . As the jury charge as given [in the case sub judice] covered substantially the same issues as the requested (charge), we find no error.' *Stephens v. State*, 196 Ga. App. 29 (2) (395 SE2d 353) (1990)." *Kennedy v. State*, 205 Ga. App. 152, 155 (5), 156 (5b) (421 SE2d 560).

10. Defendant contends in his final enumeration that the trial court erroneously imposed the maximum sentence authorized by law. In light of our reversal of defendant's conviction for robbery by sudden snatching, this enumeration of error is moot. OCGA § 5-6-48 (b) (3).

*Judgment reversed. Pope, C. J., and Smith, J., concur.*

DECIDED JULY 13, 1994 —
RECONSIDERATION DENIED JULY 29, 1994 —

*Dorough & Sizemore, Kermit S. Dorough, Jr., W. James Sizemore, Jr.*, for appellant.

*Britt R. Priddy, District Attorney, Gregory W. Edwards, Assistant District Attorney*, for appellee.