LAWRENCE, Judge.
Kenneth B. Robinson (Robinson) appeals his judgment and sentence for armed robbery with a deadly weapon. We affirm his conviction and sentence, but reverse and remand for correction of two nominal errors.
Robinson was classified and sentenced as an habitual felony offender based in part on two prior Georgia convictions. He argues the trial court erred in qualifying and sentencing him as an habitual felony offender because one of the Georgia convictions was for “robbery by sudden snatching.” He argues this conviction does not constitute a “qualified offense” under the habitual offender statute, section 775.084, Florida Statutes (1993), because it does not contain elements similar or analogous to robbery or any other felony offense in Florida. The State argues the trial court properly considered the Georgia conviction as a predicate offense for ha-bitualization because the Georgia conviction is analogous to a robbery conviction under Florida law. We affirm.
A defendant may be eligible for enhanced punishment as an habitual felony offender if he has previously been convicted of any combination of two or more felonies in Florida or “other qualified offenses.” § 775.084(l)(a)l, Fla.Stat. (1993).
“Qualified offense” means any offense, substantially similar in elements and penalties to an offense in this state, which is in violation of a law of any other jurisdiction ..., that was punishable under the law of such jurisdiction at the time of its commission by the defendant by death or imprisonment exceeding 1 year.
§ 775.084(l)(c). The parties did not cite any case law, nor could we find any in our own research, specifically addressing the characteristics of a qualifying offense for purposes of habitualization. However, the situation can be analogized to the scoring of prior out-of-state convictions under Florida’s sentencing guidelines. In determining whether there is a Florida statute that is similar or analogous to the out-of-state crime, the court must look to the elements of the prior out-of-state crime, not the stated degree of that crime or the sentence received. Dautel v. *483 State, 658 So.2d 88 (Fla.1995); Forehand v. State, 537 So.2d 103 (Fla.1989).
In Georgia, robbery is defined as follows:
A person commits the offense of robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another:
(1) By use of force;
(2) By intimidation, by use of threat or coercion, or by placing such person in fear of immediate serious bodily injury to himself or to another; or
(3) By sudden snatching.
Ga.Code Ann. § 16-8-40(a) (1994) (emphasis added). Robbery by sudden snatching requires force but only that amount of force “necessary to obtain possession of the property from the owner, who is off his guard, and where there is no resistance by the owner or injury to his person.” King v. State, 214 Ga.App. 311, 447 S.E.2d 645, 647 (1994) (citations omitted), cert. denied, No. A94A0809 (Nov. 18, 1994); Dotson v. State, 160 Ga.App. 898, 288 S.E.2d 608 (1982). While the victim need not offer any resistance, the victim must be present and aware the property is being taken. King.
In Florida, robbery is defined as follows:
“Robbery” means the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.
§ 812.13(1), Fla.Stat. (1993). The only element that distinguishes robbery from larceny or theft is that the property must have been taken from the person or custody of another by means of force, violence, assault or putting in fear. Royal v. State, 490 So.2d 44, 46 (Fla.1986), receded from on other grounds, Taylor v. State, 608 So.2d 804 (Fla.1992). If the victim is not even aware of the taking at the time, it cannot be a taking by force or putting in fear. Harris v. State, 589 So.2d 1006, 1007 (Fla. 4th DCA 1991).
The question presented by this case is whether the force or violence element under the Florida robbery statute is satisfied where the only force used is that force necessary to obtain possession of the property and there is no resistance or injury (i.e., robbery by sudden snatching). This question is one of first impression for this court. However, other Florida courts have addressed the subject and are divided on the issue.
The Second and Third District Courts of Appeal hold that the snatching of property is not robbery within the meaning of the Florida statute if no more force is used than that necessary to remove the property from a person who does not resist. R.P. v. State, 478 So.2d 1106 (Fla. 3d. DCA 1985) (reaching into front of elderly woman’s dress and snatching her purse was insufficient to support robbery conviction where there was no evidence of force, violence, assault or putting in fear), review denied, 491 So.2d 281 (Fla.1986); see also Goldsmith v. State, 573 So.2d 445 (Fla. 2d DCA 1991) (slight force used in snatching ten dollar bill from person’s hand, without touching the person, was insufficient to constitute the crime of robbery); A.J. v. State, 561 So.2d 1198 (Fla. 3d DCA 1990) (degree of force used to grab camera hanging from victim’s, shoulder while sitting in outdoor cafe was insufficient to constitute robbery); Walker v. State, 546 So.2d 1165, 1167 (Fla. 3d DCA 1989) (slight force used to take possession of gold chain from victim’s neck where the victim was not held or struck and did not resist in any way was insufficient to support a robbery conviction). The Third District concludes that something more in the way of physical force is required than the slight force used to physically remove the property from the person. S.W. v. State, 513 So.2d 1088, 1090 (Fla. 3d DCA 1987).
The Fifth District Court of Appeal adheres to a contrary view, namely, that snatching money from another’s hands, without more, is sufficient force to support a robbery conviction. Andre v. State, 431 So.2d 1042 (Fla. 5th DCA 1983) (defendant snatched money from the victim’s hand while in the process of discussing a drug deal). In reaching this conclusion, the Andre court relied on McCloud v. State, in which the supreme *484 court stated that: “[a]ny degree of force suffices to convert larceny into robbery.” McCloud v. State, 335 So.2d 257, 259 (Fla.1976). In so stating, however, the supreme court expressly distinguished the offense of pickpocketing from robbery: ‘‘Where no force is exerted upon the victim’s person, as in the case of a pickpocket, only a larceny is committed.” Id. While we acknowledge the facts in McCloud are much narrower than the language of the case implies, we believe the principle broadly stated therein is applicable to the instant case.
We agree with the Second and Third District Courts of Appeal to the extent that the act of stealthily picking a person’s pocket, without any accompanying resistance or struggle, does not constitute robbery. Nevertheless, we find that the degree of force used in snatching someone’s purse or other property from their person, even where that person does not resist and is not injured, is sufficient to satisfy the force or violence element of robbery in Florida. Andre v. State; see also Parker v. State, 478 So.2d 823, 825 (Fla. 2d DCA 1985) (on motion for rehearing) (neither physical contact or victim injury is a necessary part of proving force or violence for a robbery conviction). In reaching this conclusion, we are of the view that most “sudden snatching” offenses could reasonably be expected to provoke an adverse emotional response on the part of the victim in the physical presence of the offender. This circumstance is distinguishable from the “pickpocket” offense where the victim suffers no emotional response simply because the victim is unaware of the theft. Accordingly, we uphold the trial court’s finding that the Georgia robbery conviction qualified as a predicate offense for purposes of habitualizing Robinson. In so holding, we certify conflict with decisions from the Second and Third District Courts of Appeal.
We agree with Robinson, however, that the trial court erred in ordering him to pay restitution on a severed count on which he was acquitted. Barkley v. State, 585 So.2d 418 (Fla. 1st DCA 1991). Therefore, we reverse and remand with directions to the trial court to vacate that part of the restitution order requiring him to pay $44.00. On remand, we also direct the trial court to correct the scrivener’s error contained in the judgment, which incorrectly designates the offense of armed robbery with a deadly weapon as a life felony when, in fact, it is a first-degree felony punishable by life imprisonment. § 812.13(2)(a), Fla.Stat. (1993).
We affirm, without discussion, all other issues raised on appeal.
Accordingly, we AFFIRM in part, and REVERSE and REMAND in part.
MICKLE, J., concurs.
ERVIN, J., concurs and dissents with written opinion.