## 58531. MADDOX v. THE STATE.

CARLEY, Judge.

Maddox was charged with taking three "Message Center" telephones from the electronics department of the J. C. Penney store at Northlake Mall on June 26, 1978. He was tried by a jury and convicted of theft by taking under the provisions of former Code Ann. § 26-1802 (Ga. L. 1975, pp. 876, 877).

The state's evidence established that Maddox was observed in the toy department, watching the salesman across the aisle in the electronics department. After looking around in the electronics department he left the store, moved his automobile around to the closest exit and, leaving the motor running, reentered the store and picked up three boxes on display containing the telephones. While Maddox argues that there was considerable conflict in the evidence as to his actions at the time of his arrest, we have reviewed the record and find that the evidence is indisputable that the articles had been moved from their place of display, that Maddox had left the electronics department and was approaching the exit doors and that his still-running automobile was found parked outside the store when he was apprehended. The security guard who stopped Maddox testified: "He asked me why I was stopping him because he hadn't left

the store with the merchandise. When we got him back in the office, he again asked me why I had stopped him because he hadn't left the department at all. He said he intended to take the stuff but since he hadn't left the store there was no crime committed." Maddox did not testify or call any witnesses, but did introduce into evidence a copy of the store's incident report.

On appeal error is enumerated on the failure of the trial court (1) to charge, after written request, the lesser included offense of criminal attempt (Code Ann. §§ 26-1001 and 26-1005); (2) to charge, upon request, abandonment of criminal attempt (Code Ann. § 26-1003); and (3) to balance re-instructions to the jury by charging the major elements of his sole defense — abandonment.

1. Maddox's reliance on *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976) is misplaced. *Stonaker* requires the trial judge to give written requests to charge on those lesser included offenses contemplated by Code Ann. § 26-1005 only if the requests are warranted by the evidence. *Clempson v. State,* 144 Ga. App. 625, 626 (3) (241 SE2d 495) (1978). The evidence here proved a completed theft by taking as defined by the Criminal Code then in effect, which stated in pertinent part: "A person commits theft by taking in any mercantile establishment in which merchandise is displayed for sale in such manner as to be readily accessible to persons shopping when he with the intent of appropriating merchandise to his own use or to deprive the owner of possession thereof or the value thereof . . . [r]emoves any such merchandise from the immediate place of display . . . " Code Ann. § 26-1802 (b) (1).

Criminal attempt, the lesser included offense which Maddox contends he committed, occurs when a person "with intent to commit a specific crime . . . performs any act which constitutes a substantial step toward the commission of that crime." Code Ann. § 26-1001. Since there is no question that Maddox had removed the merchandise from its immediate place of display, the crime as defined had already been completed, and the fact that he had not left the store when apprehended is of no legal consequence. The jury was amply authorized from the totality of the circumstances to conclude that Maddox

intended to appropriate the merchandise to his own use or deprive the owner of its possession. If the jury had found the requisite intent to be absent, it would have been required to acquit. A verdict of guilty of criminal attempt would not have been authorized because, under the then extant law, Maddox either committed the completed crime of theft by taking or no crime at all.

2. Likewise, an accused is entitled to have the jury instructed on his principal theory of defense, with or without written request, *only* when it is supported by the evidence. *Pullen v. State,* 146 Ga. App. 665, 668 (3) (247 SE2d 128) (1978); *Pollard v. State,* 236 Ga. 587, 589 (4) (224 SE2d 420) (1976). The evidence here in no way upholds a defense under Code Ann. § 26-1003 that Maddox abandoned his effort to commit theft by taking. That section provides that "[w]hen a person's conduct would otherwise constitute an attempt to commit a crime under section 26-1001, it is an affirmative defense that he abandoned his effort to commit such crime or in any other manner prevented its commission, under circumstances manifesting a voluntary and complete renunciation of his criminal purpose. A renunciation of criminal purpose is not voluntary and complete if it results from (a) A belief that circumstances exist which increase the probability of detection or apprehension of the person, or which render more difficult the accomplishment of the criminal purpose; or (b) A decision to postpone the criminal conduct until another time." Where a crime is already completed, there is no error in failure to charge on abandonment of the criminal attempt as found in Code Ann. § 26-1003. *Joiner v. State,* 147 Ga. App. 526 (2) (249 SE2d 335) (1978).

3. It follows that since the trial court correctly refused to give the requested instructions, it did not fail "to balance" a recharge given in response to a question asked by the jury as to "what the law says as far as moving merchandise within a store or actually taking the merchandise outside the store or where the point of the crime takes place . . ." the trial judge fully recharged on the law of theft by taking and then specifically instructed the jurors that "if you have a reasonable doubt or entertain a reasonable doubt as to his [Maddox] guilt,

then you should acquit him." This recharge included all instructions that were properly adjusted to the evidence.

We find no grounds for reversal for any reason assigned.

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

Submitted September 6, 1979 — Decided November 16, 1979.

*J. Wayne Moulton,* for appellant.

*M. Randall Peek, District Attorney, Calvin Leipold, Assistant District Attorney,* for appellee.