## A98A2342. LEMATTEY v. THE STATE.
### (508 SE2d 215)

ELDRIDGE, Judge.

Appellant William Jack Lemattey appeals his July 1997 conviction for armed robbery. We affirm.

In his sole enumeration of error, Lemattey asserts that the trial court erred when it refused his request to charge the jury on criminal attempt as a lesser included offense of armed robbery. Lemattey argues that his sole defense at trial was that he *intended* to steal a car, but failed because the car did not start when he inserted the keys, which he already had stolen from the victim at gunpoint.

However, under OCGA § 16-8-41 (a), a person commits armed robbery "when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon." The basis of Lemattey's indictment for armed robbery and his subsequent conviction thereon was the theft of the *keys*, not the car, through the use of a handgun. The victim tes-

tified at trial that Lemattey confronted him in a parking lot and demanded, at gunpoint, "Give me your keys. . . . Don't call the police." After reviewing the totality of the evidence, there was more than sufficient evidence to support this conviction. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The fact that Lemattey, after stealing the keys, was unable to steal the vehicle *also* does not make Lemattey's actions a criminal attempt. The armed robbery, which resulted in the theft of the keys, was, in fact, a completed crime. "The trial court is obligated to give a properly requested instruction on lesser included offenses only if the evidence warrants such an instruction. [Cit.]" *Padgett v. State*, 170 Ga. App. 98, 99 (1) (316 SE2d 523) (1984). In this case, the jury was asked to decide whether or not Lemattey actually took the keys from the victim at gunpoint; no jury issue was presented regarding whether Lemattey attempted, but failed, to steal the keys. "Where, as here, the evidence shows either the commission of the completed offense as charged, or the commission of no offense [as to a specific count of the indictment], the trial court is not required to charge the jury on a lesser included offense." (Citations and punctuation omitted.) *Parham v. State*, 218 Ga. App. 42, 44 (3) (460 SE2d 78) (1995). See also *Sanders v. State*, 251 Ga. 70, 77 (4) (303 SE2d 13) (1983); *Prayor v. State*, 217 Ga. App. 56, 58 (3) (456 SE2d 664) (1995); *Williams v. State*, 191 Ga. App. 913, 915 (4) (383 SE2d 344) (1989); *Loggins v. State*, 169 Ga. App. 511, 513 (3) (313 SE2d 769) (1984).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 26, 1998.

*David E. Perry*, for appellant.
*Kenneth B. Hodges III, District Attorney*, for appellee.