A00A0074. SPIVEY v. THE STATE.
(534 SE2d 498)

BLACKBURN, Presiding Judge.

Addie Mae Spivey appeals, following a jury trial, her conviction of armed robbery, contending that the trial court erred by: (1) failing to charge the jury on the lesser included offense of criminal attempt to commit armed robbery; (2) failing to charge the jury on abandonment; (3) improperly recharging the jury on "overt act"; and (4) failing to grant her motion for mistrial. For the reasons discussed below, we affirm.

On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Spivey] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Punctuation omitted.) *Barber v. State*, 235 Ga. App. 170 (509 SE2d 93) (1998). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Viewed in this light, the evidence shows that Spivey, upon the promise that she would be paid, drove co-defendants Betty Shannon, Timothy Daniels, Daniel Esther, Lyndon Jones, and Ronald Burks in her car from Moultrie to Tifton. Once in Tifton, Spivey parked beside Holiday Market. Three of the co-defendants covered their faces with masks, went inside the store, and, using a sawed-off shotgun, robbed the store and a store patron. Spivey and the other co-defendants waited in the car. When the three returned, Shannon drove Spivey's car away from the store.

1. At trial, Spivey made a written request for a jury charge on the lesser included offense of criminal attempt to commit armed robbery, which the trial court denied. Having preserved her argument by excepting to the charges at trial, Spivey now appeals this ruling. We find no error.

"The trial court is obligated to give a properly requested instruction on lesser included offenses only if the evidence warrants such an instruction." (Punctuation omitted.) *Lemattey v. State*, 234 Ga. App. 889, 890 (508 SE2d 215) (1998). Criminal attempt occurs when a person, "with intent to commit a specific crime, . . . performs any act which constitutes a substantial step toward the commission of that crime." OCGA § 16-4-1. Furthermore, if the crime is actually committed, a person may, nonetheless, be convicted of the offense of criminal attempt, but may not be convicted of both the criminal attempt and the completed crime. OCGA § 16-4-2.

Spivey argues that a charge on criminal attempt is supported by her three statements to the police. In the first statement, Spivey denied any knowledge of the planned robbery until the three men returned to the car and told her to drive away. In the second statement, Spivey admitted prior knowledge of the planned robbery. However, after the robbery was in progress, she told Shannon that she wanted to back out of the deal and refused to drive the car. Nonetheless, after the robbery, she accepted $100 for driving the car. In her third statement, Spivey denied any knowledge that her co-

defendants intended to rob the store until shortly before the robbery when, after Shannon surveyed the store, she was asked to park beside the store. Spivey stated that, after parking the car, she told Shannon she wanted no part of the robbery. After the robbery, she allowed Shannon to drive her car from the scene.

Even acknowledging that "[a] jury has unlimited discretion to accept or reject a defendant's testimony as a whole, or to accept it in part and reject it in part," *Johnson v. State*, 236 Ga. App. 61, 63 (1) (510 SE2d 918) (1999), we do not agree that Spivey's statements warrant an instruction on attempted armed robbery. Although Spivey did not directly commit the crime,

> [e]very person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime. . . . A person is concerned in the commission of a crime only if he . . . [i]ntentionally aids or abets in the commission of the crime; or . . . [i]ntentionally advises, encourages, hires, counsels, or procures another to commit the crime.

OCGA § 16-2-20. See *Jones v. State*, 233 Ga. App. 291 (503 SE2d 902) (1998) (" '[a]id and abet' means to 'help, assist, or facilitate the commission of a crime' "). A person commits armed robbery "when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon." OCGA § 16-8-41 (a).

If the jury believed any combination of Spivey's statements, either Spivey was party to the completed crime of armed robbery or she lacked any intent to be party to the crime.

> [This] evidence offered the jury a choice of . . . completed crimes or of no crime at all. As there was no evidence requiring a charge on attempt to commit armed robbery, the trial court did not err in failing to charge the jury on the law relating thereto.

(Citation omitted.) *Rolland v. State*, 235 Ga. 808, 811 (221 SE2d 582) (1976). See *Maddox v. State*, 152 Ga. App. 384 (1) (262 SE2d 636) (1979); *Mayo v. State*, 139 Ga. App. 520 (3) (229 SE2d 16) (1976). The trial court did not err in denying the request to charge.

2. In her second enumeration of error, Spivey contends the trial court erred by failing to charge the jury on abandonment as set forth in OCGA § 16-4-5:

> When a person's conduct would otherwise constitute an attempt to commit a crime under Code Section 16-4-1, it is

an affirmative defense that he abandoned his effort to commit the crime or in any other manner prevented its commission under circumstances manifesting a voluntary and complete renunciation of his criminal purpose.

This argument is without merit. OCGA § 16-4-5 is not applicable because, as discussed in Division 1, Spivey's conduct did not "constitute an attempt to commit [armed robbery]." Id.

Moreover, the trial court charged the jury on renunciation and abandonment of a criminal enterprise:

If you believe that the defendant conspired with one or more persons to commit the crime alleged in this indictment but that *the defendant voluntarily and completely renounced and abandoned all participation* in the criminal endeavor prior to the commission of the offense, if any, then the defendant would not be guilty of the offense and it would be your duty to acquit the defendant.

(Emphasis supplied.) Thus, even assuming that slight evidence of abandonment of the criminal enterprise was shown at trial, *Koritta v. State*, 263 Ga. 703 (438 SE2d 68) (1994), the trial court did, in fact, charge the jury on abandonment, so there was no error.

3. Spivey enumerates as error the trial court's recharge of the jury on "overt act," contending that the recharge was not tailored to the evidence and was confusing to the jury. We disagree.

As a general rule, the need, breadth, and formation of additional jury instructions are left to the sound discretion of the trial court. Where a jury, which has been fully and properly charged, requests a recharge on a specific question, it is within the discretion of the trial court whether to recharge entirely or to recharge only on the specific question. It is not error to recharge only on the specific question so long as the recharge taken alone does not leave an erroneous impression in the minds of the jury.

(Citations and punctuation omitted.) *Cloyd v. State*, 237 Ga. App. 608, 610 (3) (516 SE2d 103) (1999).

In this case, after the jury had questioned the trial court about when a crime begins, the trial court reread the charge that "a person commits the offense of conspiracy to commit a crime when he, together with one or more persons, conspires to commit a crime and any one or more of such persons does any overt act to effect the object of the conspiracy." The trial court then reminded the jury that "a co-conspirator may be relieved from the effects of a conspiracy if he or

she can show that before the overt act occurred, he or she withdrew his agreement to commit a crime." After that, the trial court charged the jury on the meaning of overt act by referring to the Black's Law Dictionary definition, stating:

> [I]t must be something done that directly moves toward the crime and brings the accused nearer to its commission than mere acts of preparation or of planning and will apparently result in the usual and natural course of events if not hindered [by] extraneous causes in the commission of the crime itself.

After the recharge was completed, the trial court allowed both sides to make a short argument to the jury on the issue.

The trial court did not abuse its discretion in recharging the jury on overt act. The charge was appropriate, adjusted to the evidence, and would not have left the jury with an erroneous impression.

4. The trial court did not err by failing to grant Spivey's motion for mistrial on the grounds that the prosecution made inappropriate and prejudicial comments in closing argument. At trial, a co-defendant testified on cross-examination that he and several other co-defendants, not including Spivey, were involved in two armed robberies in the weeks prior to the incident here. The co-defendant also testified that he had known Spivey for two or three weeks prior to this armed robbery. In closing, the prosecutor summed up this evidence and argued that it was "logical to infer that Addie Mae Spivey knew what kind of people she was dealing with." Defense counsel immediately objected and moved for a mistrial on the grounds that the argument tied Spivey to these other crimes. The trial court denied the motion.

During closing argument, a prosecutor may draw conclusions or deductions from the evidence. *McClain v. State*, 267 Ga. 378, 383-384 (3) (b) (477 SE2d 814) (1996); *Truitt v. State*, 174 Ga. App. 687, 689 (3) (331 SE2d 64) (1985). The prosecutor's comment regarding Spivey's familiarity with the co-defendants is such an inference drawn from the testimony at trial. The trial court did not err by failing to grant a mistrial.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED MAY 3, 2000.

*Jason K. Hoffman,* for appellant.
*C. Paul Bowden, District Attorney,* for appellee.