## A01A0659. FRANKLIN v. THE STATE.
(549 SE2d 794)

SMITH, Presiding Judge.

Larry Franklin was indicted by a DeKalb County grand jury on three counts of burglary, aggravated assault, aggravated sexual battery, and criminal attempt to commit rape. The charge of criminal attempt was nolle prossed as duplicative, and he was found guilty of the lesser included offense of criminal trespass on two counts of burglary and convicted of the remaining charges. Franklin's motion for new trial was denied, and he appeals. Finding no error, we affirm.

1. In his first enumeration of error, Franklin contends the trial court erred in denying his motion to suppress his tape-recorded statement to the police after his arrest. "To make a confession admissible, it must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury." OCGA § 24-3-50.

The standard for determining the admissibility of confessions is the preponderance of the evidence. To determine whether the state has proven that a confession was made voluntarily, the trial court must consider the totality of the circumstances. Unless clearly erroneous, a trial court's find-

---

[10] *Robinson v. Kroger Co.*, 268 Ga. 735, 748 (2) (b) (493 SE2d 403) (1997); see also *Dumas*, supra at 817.

ings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal.

(Citation and punctuation omitted.) *Martin v. State*, 271 Ga. 301, 304 (2) (518 SE2d 898) (1999).

We first note Franklin's contention that the trial court erroneously stated the law with respect to the application of a "totality of the circumstances" test. During the pretrial *Jackson-Denno* hearing, Franklin's counsel argued that the trial court "has to look at the totality of the circumstances." The court responded, "That is for a juvenile only." The trial court was correct to the extent that the explicit nine-factor analysis set forth in *Riley v. State*, 237 Ga. 124, 128 (226 SE2d 922) (1976), in considering the confession of a juvenile is not applicable to the confession of an adult. *McDade v. State*, 270 Ga. 654, 656 (513 SE2d 733) (1999); see also *King v. State*, 273 Ga. 258, 260 (3) (539 SE2d 783) (2000); *Hance v. State*, 245 Ga. 856, 858 (2) (268 SE2d 339) (1980).[1] But the trial court nevertheless must consider "the totality of the circumstances surrounding the . . . statement." *Martin*, supra at 306 (2); *King*, supra. The trial court therefore was incorrect in its statement that the totality of the circumstances need not be considered in evaluating the admissibility of Franklin's statement.

This does not, however, require reversal under the facts of this case. The facts surrounding Franklin's arrest and questioning are not in dispute. Only the police officer who conducted the interview testified, and a tape recording of the interview was introduced in evidence and forms part of the record. Under these circumstances, this court conducts a de novo review of the evidence "to determine whether the State has carried its burden of proving the admissibility of appellant's confession by a preponderance of the evidence." (Citations and punctuation omitted.) *State v. Roberts*, 273 Ga. 514, 515 (1) (543 SE2d 725) (2001). See also *Esposito v. State*, 273 Ga. 183, 185 (2) (538 SE2d 55) (2000). After considering the transcript of the motions hearing and the tape of the interview, we conclude that the totality of the circumstances clearly demonstrates that Franklin's statement was given voluntarily and not induced by the slightest hope of benefit or remotest fear of injury.

Franklin was 37 years old at the time the offenses were committed. His level of education does not appear in the record, although he

---

[1] The Supreme Court of Georgia has not been entirely consistent in its application of this rule. In *State v. Roberts*, 273 Ga. 514 (543 SE2d 725) (2001), it cites *Reinhardt v. State*, 263 Ga. 113, 115 (3) (b) (428 SE2d 333) (1993), for the application of the *Riley* factors to an adult's confession. But *Reinhardt* without comment or explanation applies *Williams v. State*, 238 Ga. 298, 302 (1) (232 SE2d 535) (1977), to an adult defendant, although *Williams* relies upon *Riley* and both cases are clearly limited to juveniles. This runs counter to the clear rule established in *Hance*, supra; *King*, supra; and *McDade*, supra.

clearly is not illiterate; the police officer testified that he appeared to read his statement before signing it. He was arrested early in the morning, and he was interviewed by the police a short time later. According to the interviewing officer, his demeanor was "calm, almost carefree." He did not appear to be under the influence of alcohol or drugs and denied to the officer that he had consumed any drugs or alcohol at all. He was coherent, appeared to understand the officer, and indicated after receiving his *Miranda* warnings that he understood them and wished to talk about the incident. He acknowledged on the tape recording that he had been given the opportunity to get water and use the bathroom and that he had not been mistreated in any way. Franklin argues that he had been wandering the streets for several days and could have been unduly stressed due to lack of proper food or rest. But Franklin did not testify at the *Jackson-Denno* hearing or at trial and presented no evidence of lack of food or rest or any resulting diminished capacity; the mere fact that he had no established residence, standing alone, does not render his statement involuntary. Under the totality of the circumstances, we find that Franklin waived his constitutional rights and that his statement to the police was knowing and voluntary. *Martin*, supra at 304.

2. Franklin also contends the trial court abused its discretion in denying his motion to redact a portion of his tape-recorded statement in which he denied his intention to rape one of the burglary victims and then volunteered that he was unable to achieve an erection because he was taking medicine to "sterilize" himself.[2] Franklin contends this portion of his statement demonstrated that he was "prone to sexual deviance" and thus placed his character in evidence. We disagree.

Assuming without deciding that the jury could have drawn such a conclusion from Franklin's ambiguous and unclear statement, it nevertheless remains directly relevant to the issues on trial. One of the burglary victims testified that her assailant woke her from sleep by shaking and hitting her, put a pillow over her face, climbed on top of her, exposed himself, manually penetrated her, and explicitly expressed his intention to rape her. According to the victim, he was unable to do so because she was wearing a body suit.[3] Franklin's denial of any intention to rape the victim, followed by his spontane-

---

[2] Although this was Franklin's description, he identified the drug he was taking as Stelazine. This is a powerful anti-psychotic medication which is not used to "sterilize" the recipient. Impotence is, however, one of many potential side effects. Physicians' Desk Reference (49th ed. 1995), pp. 2399-2401.

[3] Although the victim was unable to identify her assailant, Franklin acknowledged that he entered her house, and blood found on a statue the victim used to strike her assailant was identified as Franklin's.

ous assertion that he was unable to do so, was directly relevant to the charges against him. The fact that a portion of his statement might incidentally be unfavorable to Franklin does not render it inadmissible. *Sleeth v. State*, 197 Ga. App. 349, 350 (2) (398 SE2d 298) (1990).

3. Finally, Franklin contends the trial court erred in failing to give his requested jury instruction on criminal attempt. But the criminal attempt charge against Franklin was nolle prossed. Moreover, "[t]he trial court is obligated to give a properly requested instruction on lesser included offenses only if the evidence warrants such an instruction." (Citation and punctuation omitted.) *Spivey v. State*, 243 Ga. App. 785, 786 (1) (534 SE2d 498) (2000). The evidence presented by the State, including the testimony of the victims, showed the completed crimes of burglary, aggravated assault with intent to rape, and aggravated sexual battery. While Franklin did not testify, in his statement to police he admitted entering the victim's home but denied touching her at all. "This evidence offered the jury a choice of completed crimes or of no crime at all. As there was no evidence requiring a charge on attempt . . . the trial court did not err in failing to charge the jury on the law relating thereto." (Citations and punctuation omitted.) Id. at 787 (1).

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED JUNE 4, 2001.

*Jennifer Snyder-Surges*, for appellant.
*J. Tom Morgan, District Attorney, Kristin L. Wood, Jeanne M. Canavan, Assistant District Attorneys*, for appellee.