## A01A1140. BAZANSILVA v. THE STATE.
(554 SE2d 794)

SMITH, Presiding Judge.

Jose David Bazansilva was indicted by a Clayton County grand jury on one count of criminal attempt to traffic in methamphetamine. Co-defendant Yolanda Tapia was charged with trafficking in methamphetamine. Tapia testified against Bazansilva, identifying him as a participant in a plan to smuggle methamphetamine through the Atlanta airport. The jury convicted Bazansilva, his amended motion

[2] *Williams v. Duffy*, 270 Ga. 580, 581 (1) (513 SE2d 212) (1999).

for new trial was denied, and he appeals. Finding no error, we affirm.

1. Bazansilva raises the general grounds, contending that the State did not present evidence corroborating Tapia's testimony against him.

> A defendant may not be convicted of a felony on the uncorroborated testimony of an accomplice. However, it is not required that this corroboration shall of itself be sufficient to warrant a verdict, or that the testimony of the accomplice be corroborated in every material particular. Slight evidence from an extraneous source identifying the accused as a participator in the criminal act will be sufficient corroboration of the accomplice to support a verdict. The sufficiency of the corroboration of the testimony of the accomplice to produce conviction of the defendant's guilt is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting the defendant with the crime, it cannot be said, as a matter of law, that the verdict is contrary to the evidence.

(Footnotes omitted.) *Barnett v. State*, 244 Ga. App. 585, 587 (2) (536 SE2d 263) (2000). Here, Tapia was arrested in the Atlanta airport while traveling under an assumed name with a large amount of methamphetamine strapped to her waist. After her arrest, she agreed to participate in a "controlled delivery" by completing the planned delivery in the airport terminal under the supervision of the police. Tapia called a telephone number she had been given, and the call was taped by the police. The tape recording was played for the jury, and a written English translation was provided for the jury. A Spanish-speaking officer translated the telephone call for the other officers. Tapia was given instructions on where to go to meet the person who would receive the drugs. While the telephone call was taking place, an officer entered the room and announced that there were three Hispanic men in the baggage claim area who had no luggage and "may be the men you're looking for." Another officer observed the three men talking, saw one pick up a pager as though he received a call, then move to a pay phone and make a call. This man then returned to the other two, spoke briefly, and they separated to stand in different areas of the terminal.

When Tapia and the officers entered the baggage claim area, Bazansilva left the other two men, who walked away together and were not apprehended. Bazansilva turned around, made "very obvious eye contact" with Tapia, motioned with his hand and said something that the testifying officer could not hear. The officer demonstrated the hand signal for the jury. A second officer also observed

the hand signal and saw Bazansilva speak to Tapia, although she could not hear what was said. Bazansilva walked the entire length of the baggage claim area with Tapia walking behind him; after they left the terminal, Bazansilva was arrested.

After the Spanish-speaking officer read him his rights in Spanish, Bazansilva agreed to try to help arrest the two individuals who "got away." He made a telephone call to those two individuals. An officer testified that Bazansilva told them that one of the other men was named Agripino and was the one who had the $2,500 to pay Tapia for the delivery. Bazansilva also gave the officer a description of the vehicle in which the three men had arrived.

Bazansilva disputes several aspects of the police testimony. He points out that the officer who testified that Bazansilva mentioned the $2,500 for Tapia does not speak Spanish. He also argues strenuously that his behavior was consistent with that of an innocent dupe rather than a participant in the scheme. But the jury rejected Bazansilva's arguments.

> An appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence to convict is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Conflicting testimony is a matter of credibility for the jury to resolve. As long as some competent evidence exists, even though contradicted, to support each fact necessary to make out the State's case, we will uphold the jury's verdict.

(Citations and punctuation omitted.) *Wheeler v. State*, 236 Ga. App. 197, 198 (1) (511 SE2d 564) (1999). This evidence satisfies the slight evidence requirement necessary to corroborate the testimony of the accomplice Tapia.

2. Bazansilva also contends the trial court erred in denying his motion to suppress the statements he made to police after his arrest. Even though he does not dispute that he received his *Miranda* warnings in Spanish from the Spanish-speaking officer, he argues that he did not "knowingly and intelligently" waive his rights because he was not informed of the charges against him at the time of his arrest.

> The standard for determining the admissibility of confessions is the preponderance of the evidence. To determine whether the state has proven that a confession was made voluntarily, the trial court must consider the totality of the circumstances. Unless clearly erroneous, a trial court's find-

ings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal.

(Citation and punctuation omitted.) *Martin v. State*, 271 Ga. 301, 304 (2) (518 SE2d 898) (1999). The accused's knowledge of "the substance of the charge" against him is one of the nine factors used in *Riley v. State*, 237 Ga. 124, 128 (226 SE2d 922) (1976), to consider the admissibility of a *juvenile* confession or incriminating statement. While the trial court is still required to consider the "totality of the circumstances" in ruling on the admissibility of an adult confession, the nine factors are not mandatory when the accused is not a juvenile. See *Franklin v. State*, 249 Ga. App. 834, 835 (549 SE2d 794) (2001). Moreover, even if this factor were considered here, it refers only to " 'knowledge of the accused as to . . . the substance of the charge,' " *Riley*, supra at 128, not a requirement that the arresting officer so inform the accused. Here, the testimony regarding Bazansilva's statements after his arrest indicates that he knew that he was under arrest for a drug-related offense. The trial court found that "the defendant's constitutional rights were given to him, that he understood those rights, that he freely and voluntarily made the statements that the officer has testified to and they will be admitted on the trial of the case," and we find that decision was not clearly erroneous.

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED SEPTEMBER 20, 2001.

*Elaine T. McGruder*, for appellant.
*Robert E. Keller, District Attorney, Adrian Britt, Assistant District Attorney*, for appellee.