## A02A0083. ROBINSON v. THE STATE.
### (564 SE2d 543)

PHIPPS, Judge.

Robert Robinson was convicted by a jury of two counts of armed robbery. On appeal, he challenges the sufficiency of the evidence to support one count. Having determined that the evidence sufficiently supports the verdict, we affirm.

Robinson no longer enjoys a presumption of innocence. We review the evidence presented at trial in the light most favorable to the verdict, without weighing it or assessing the credibility of witnesses, to determine whether the evidence was legally sufficient under the standard of *Jackson v. Virginia*.[1]

We set forth in detail the facts relevant to this case in *Toney v. State*,[2] which affirmed the conviction of Robinson's co-defendant, Cleveland Toney. Here, we summarize those facts and include others relevant only to Robinson's appeal.

Rosie Hodge and Bruce Wingate were robbed by Robinson and Toney while they stood talking in the parking lot of a restaurant. The men approached them from a wooded trail adjoining the back of the parking lot. They put dark bandannas over their faces and, at gunpoint, demanded money and jewelry from Hodge and Wingate. Hodge, seeing the gun pointed at them, reached into her purse to get her wallet, but instead got her cosmetic bag, threw it on the ground, and ran for help. Wingate turned over jewelry and money to the men.

In challenging the sufficiency of the evidence to convict him of the armed robbery of Hodge, Robinson argues that the armed robbery was not completed because Hodge threw her cosmetic bag at him to distract him, and he did not touch the cosmetic bag or demand it. He asserts that there was clearly no intent to deprive Hodge of her cosmetic bag, and that at most all that can be shown is either aggravated assault or criminal attempt to commit armed robbery by taking her money.

---

[1] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] 253 Ga. App. 231 (558 SE2d 780) (2002).

"A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon."[3]

The indictment charged that Robinson, with the intent to commit theft, took property, specifically a cosmetic case, from Hodge's person by use of an offensive weapon. All that is required is the intent to commit a theft, which was evinced here when Robinson and Toney demanded jewelry and money. In *Lemattey v. State*,[4] we found that even though the robber was unable to complete the intended theft of the car, the theft of the car keys at gunpoint was a completed armed robbery. That he intended to steal the car did not negate the fact that he completed an armed robbery when he took the keys.[5] That Robinson got loot other than what he demanded does not acquit him of armed robbery of Hodge.

Here, the jury was authorized to find that Robinson deprived Hodge of her cosmetic bag, with the intent to commit theft. And while Robinson also argues that he did not touch the cosmetic bag, a robber is not required to touch the property to have exercised sufficient dominion or control over it to have robbed the victim of it.[6]

Accordingly we find that the evidence was sufficient to authorize the jury to find beyond a reasonable doubt that Robinson committed the offense of armed robbery.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED APRIL 19, 2002.

*William J. Mason*, for appellant.

*J. Gray Conger, District Attorney, Alonza Whitaker, Assistant District Attorney*, for appellee.

---

[3] OCGA § 16-8-41 (a).
[4] 234 Ga. App. 889 (508 SE2d 215) (1998).
[5] See id.
[6] See *State v. Watson*, 239 Ga. App. 482 (2) (520 SE2d 911) (1999).