A04A0518. JOHNSON v. THE STATE.
(598 SE2d 551)

MILLER, Judge.

Following a jury trial, Gregory Johnson was convicted of armed robbery arising out of his use of a BB pistol to rob a cab driver. On appeal he argues that (i) the evidence was insufficient, (ii) the evidence fatally varied from the indictment, (iii) his trial counsel was ineffective, and (iv) the trial court erred in allowing the victim to

repeat Johnson's description of himself as a "fiend." We hold that the evidence was sufficient and did not vary from the indictment, that evidence supported the finding that trial counsel was effective, and that Johnson's statement to the victim was admissible to show motive. Accordingly, we affirm.

Construed in favor of the verdict, the evidence showed that Johnson approached a cab and asked its driver to take him to the airport. The driver agreed, and Johnson entered the rear of the vehicle. While approaching a stop sign, the driver turned to look at Johnson and saw him pull out a very long, large gun. The driver reached back and pinned Johnson's gun hand against the back of the front seat. The driver then took the other hand off the steering wheel to struggle with Johnson, and as the car careened out of control, Johnson asserted that this was a robbery and demanded that the driver give Johnson his money and wallet. When the car ran into a tree, the two men were jarred apart, and the driver threw Johnson his wallet and escaped from the vehicle.

As he was escaping, the driver grabbed his own gun from his belt, and he shot at Johnson once he and Johnson were both outside the vehicle. The driver then ran behind a tree and pointed his gun at Johnson, who cried, "Don't kill me; I am a fiend; I have got children. . . ." The driver understood this to mean that Johnson was explaining that he was a "dope fiend" and was addicted to drugs. At the driver's demand, Johnson threw down his own gun and the driver's wallet and laid face down on the ground. Police arrived, returned the driver's wallet to him, and retrieved Johnson's handgun, which was a BB pistol. The driver had believed throughout the encounter that the pistol was a lethal weapon.

Johnson's indictment for armed robbery alleged that he had stolen the driver's wallet from the driver by use of a handgun. At trial Johnson admitted that he had possessed the BB pistol during the encounter, but he testified that he never entered the vehicle and that the driver ran into the tree and shot at him for no reason. He denied any robbery. Johnson's counsel asked for a lesser charge of robbery by intimidation but then withdrew that request as inconsistent with Johnson's defense that no robbery occurred. The jury found Johnson guilty, and Johnson moved for a new trial, alleging among other things ineffective assistance of counsel. Following an evidentiary hearing, the court denied the motion for new trial. Johnson now appeals.

1. On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was

sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). "Conflicts in the testimony of the witnesses, including the State's witnesses, is a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citations and punctuation omitted.) *Patterson v. State*, 225 Ga. App. 515 (484 SE2d 317) (1997).

Armed robbery occurs when a person, with intent to steal, takes property from another person by use of an offensive weapon. OCGA § 16-8-41 (a). Here Johnson took a wallet from the cab driver by use of a BB pistol. Whether Johnson threw or handed the wallet to Johnson is irrelevant. See, e.g., *Robinson v. State*, 255 Ga. App. 138-139 (564 SE2d 543) (2002) (robber not required to touch property to have exercised control over it for robbery conviction). Also irrelevant is whether the BB pistol was in fact lethal; it needed only be an offensive weapon. Cf. *Anderson v. State*, 238 Ga. App. 866, 871 (1) (519 SE2d 463) (1999) (toy handgun appeared to be an offensive weapon; armed robbery conviction affirmed). The evidence sufficed to sustain the armed robbery conviction.

2. Johnson argues that the indictment fatally varied from the evidence in that the indictment alleged he used a handgun when in fact he used a BB pistol. We discern no difference between the indictment's use of the word "handgun" and the evidence which showed that Johnson used a BB pistol. The indictment did not specify whether the handgun shot bullets or BBs, nor was such essential to establish the crime. See *Gay v. State*, 258 Ga. App. 854 (575 SE2d 740) (2002) (prior armed robbery conviction where BB pistol was used was admissible); see generally *Jackson v. State*, 248 Ga. App. 7, 9-10 (3) (545 SE2d 148) (2001) (any weapons likely to produce serious bodily injury are offensive weapons). Under this indictment, there was no risk that Johnson was uninformed as to the charges against him or that he could be prosecuted for the same offense twice. See *De Palma v. State*, 225 Ga. 465, 469-470 (3) (169 SE2d 801) (1969) (test for determining fatal variance is whether (a) the accused was definitely informed as to the charges against him and (b) the accused was protected from another prosecution for the same offense). The evidence did not fatally vary from the indictment.

3. Johnson claims that his counsel was ineffective in that she failed to request a lesser included charge for robbery by intimidation. In truth, she did request such a charge but decided during trial to withdraw the charge, apparently on the strategic ground that it was inconsistent with Johnson's position that no robbery occurred. A strategic decision is not grounds for finding ineffective assistance.

*Wright v. State*, 265 Ga. App. 855, 858 (1) (d) (595 SE2d 664) (2004). Moreover, the evidence clearly showed that if a robbery occurred, an offensive weapon was used in the commission of the robbery, and therefore giving the lesser charge would not have been not authorized. *Bixby v. State*, 234 Ga. 812, 814 (2) (218 SE2d 609) (1975). The trial court did not clearly err in determining that Johnson received effective assistance of counsel.

4. Johnson complains that the court erred in allowing (over objection) the victim to recount Johnson's statement made at the scene that he was a "fiend," which the victim understood to mean that Johnson was a "dope fiend" who craved drugs. Johnson claims this placed his character in issue.

The context of this testimony shows that Johnson made this and other statements to convince the cab driver not to shoot him. To appease the cab driver, Johnson was explaining that he bore no malice toward the cab driver but was simply compelled to commit the robbery to obtain money to support his drug addiction. Without addressing the res gestae nature of the statement, we hold that although this evidence may have incidentally placed Johnson's character in issue, it was clearly relevant to explain his motive for the robbery. *Ritter v. State*, 272 Ga. 551, 554 (3) (532 SE2d 692) (2000). "Evidence which is relevant to an issue in a case is not rendered inadmissible by the fact that it incidentally puts the defendant's character in issue." (Citation and punctuation omitted.) Id. Unlike the cases cited by Johnson, this evidence was clearly relevant and concerned an event that took place during the robbery incident, not sometime during the year preceding the crime (see *Rooker v. State*, 211 Ga. 361, 363 (6) (86 SE2d 307) (1955)) or on the day before the crime (see *Bacon v. State*, 201 Ga. App. 639-640 (1) (a) (411 SE2d 783) (1991)).

The trial court did not abuse its discretion in allowing the testimony.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED APRIL 9, 2004.

*Cynthia W. Harrison*, for appellant.
*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Assistant District Attorney*, for appellee.