## A11A0184. KONECNY v. THE STATE.
### (705 SE2d 714)

Andrews, Judge.

On appeal from his conviction for arson and other crimes, Mario Konecny argues that the trial court erred in its handling of the jury and that the evidence was insufficient as to the charges of arson and possession of a firearm during the commission of an aggravated assault. We find no error and affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the record shows that the victim was in a relationship with Leslie Slater, an exotic dancer, who spent most nights at the victim's home. Konecny was a friend of the victim and a frequent visitor to his house. Before the time at issue, Slater had noted Konecny's irrationality, including his fears that he would die of skin cancer, his belief that the victim and he had made a murder-suicide pact, and his ideas that the victim owed millions to the mob and should be killed because he (the victim) needed to collect on a life insurance policy.

Slater, Konecny, and the victim spent Thanksgiving weekend 2005 at the victim's house smoking crack cocaine and drinking. On the Saturday after Thanksgiving, Slater and the victim were in an office there when Konecny entered and shot the victim five times. Konecny immediately told Slater that she was "next." Over the next two days, Konecny shut himself in a closet with Slater for twelve hours, smoked crack with her, and demanded sex from her. After deciding that they had to "do something with the body," Konecny forced Slater to help him wrap it in bed linen and put it in his truck and then ordered her to set a fire in the office. After Slater set the fire, activating the alarm, she provided Konecny with the alarm's

deactivation code and insisted on leaving with him in the truck containing the victim's body.

Armed with the same handgun under his jacket, Konecny drove the truck to a convenience store, where Slater got out, pumped gas, went into the store, wrote the words "he's going to kill me" on a sandwich wrapper, and gave the wrapper to a clerk. The clerk called police, who arrived, apprehended Konecny, took a statement from the now-distraught Slater, and discovered the victim's body in the truck. Fire authorities were dispatched to the victim's house and extinguished the fire, which had not spread past the home office.

Konecny was charged with murder, felony murder, aggravated assault, armed robbery, false imprisonment, kidnapping, battery, possession of a firearm during the commission of the aggravated assault, arson, concealing the death of another, and misdemeanor tampering with evidence (Counts 1-11). At one point during its deliberations, the jury sent out the following question: "Are arson, concealing the death of another[,] or tampering with evidence felonies?" After discussion with counsel, the trial court asked whether the parties had any objection to her "writing [the correct answer] down on this piece of paper and sending it back to the jury?" Defense counsel responded: "No, ma'am." The trial court then wrote out a response stating that arson and concealing a death were felonies while tampering with evidence was a misdemeanor and sent it to the jury.

After returning to deliberations, the jury indicated that it had reached a verdict on five of the eleven counts. After being instructed to continue work on the remaining counts, a pregnant juror asked whether she could be excused. Soon afterward, the parties agreed to accept the jury's partial verdict that Konecny was guilty of possession of a firearm during the commission of a felony, arson, concealing the death of another, and tampering with evidence (Counts 6, 9, 10, and 11), but not guilty of battery (Count 7). The pregnant juror was able to continue deliberations the following day. After some indications of deadlock and an *Allen* charge, the jury found Konecny not guilty of the remaining six charges, including aggravated assault (Count 3). His motion for new trial was denied.

1. Konecny first argues that the trial court erred when it responded to the jury's question whether some crimes at issue were felonies. As we have noted, however, counsel affirmatively approved of the trial court's handling of the issue. Any error was thus induced and any claim of error waived on appeal. *Whisnant v. State*, 178 Ga. App. 742, 744 (344 SE2d 536) (1986) (counsel acquiesced in trial court's description of charge as a felony, thus waiving any argument on appeal).

2. Konecny also argues that the evidence does not support his

conviction for either arson or possession of a firearm during the commission of a felony. We disagree.

(a) Although corroborating evidence is necessary to sustain a conviction based on an accomplice's testimony, such evidence may be slight. *Bazansilva v. State*, 251 Ga. App. 608 (554 SE2d 794) (2001). Here, Slater told police that two days after shooting the victim, Konecny decided to "do something with the body" and ordered Slater to set fire to the house. The Supreme Court of Georgia has abolished the rule against inconsistent verdicts. *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986). Even if the jury acquitted Konecny of murder, the discovery of the victim's wrapped body in Konecny's truck corroborated Slater's account that Konecny masterminded the arson for the purpose of destroying evidence at the crime scene. See OCGA § 16-7-60 (a) (defining arson in the first degree); *Vega v. State*, 285 Ga. 32 (673 SE2d 223) (2009) (evidence including that defendant added fuel to fire was sufficient to sustain conviction for first degree arson); *Jackson v. Virginia*, supra.

(b) As this Court has also held, a defendant's acquittal on a predicate offense does not authorize the reversal of a conviction for possession of a firearm during the commission of that offense " 'because the appellate court cannot know and should not speculate why a jury acquitted on the predicate offense and convicted on the compound offense.' " *Williams v. State*, 270 Ga. App. 424, 426 (2) (606 SE2d 871) (2004), quoting *King v. Waters*, 278 Ga. 122, 123 (1) (598 SE2d 476) (2004). It follows that the trial court did not err when it convicted Konecny of possession of a firearm during the commission of an aggravated assault even though Konecny was acquitted of the aggravated assault. Id. at 427 (2) (affirming conviction for possession of a firearm during an armed robbery even though defendant was acquitted of an underlying armed robbery charge).

*Judgment affirmed. Phipps, P. J., and McFadden, J., concur.*

DECIDED JANUARY 25, 2011.

*Eric J. Taylor*, for appellant.

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellee.

